By the Court.—Speir, J.
It appears from the evidence in the case, that the firm of Kapp, Bernhard and Einstein, owed the plaintiff §13,387.90, for money advanced by him in Frankfort-on-Main in Germany, by his drafts on them payable in the city of New York, but they did not pay the drafts. This sum of *512 $12,387.90, included interest and commissions for advances. The plaintiff’s right to these commissions is not in dispute. Subsequently, when the four notes were given, the indebtedness of the firm was divided into three equal parts of $4,129.30 each, and each member assumed one of said parts, as his share.
The plaintiff agreed with Bernhard to give time for payment by him of his said share, amounting to $4,129.30, as follows; on $1,129.30, part thereof, for 12 months from March 11, 1873, on $1,000 thereof, for 18 months from March 18, 1873, $1,000 thereof, for 24 months from March 11, 1873; and on $1,000, balance thereof, for 30 months from March 11, 1873, upon his giving his four several promissory notes: one.at 12 months from March 11,1873, for $1,321.77, gold ; one at 18 months from March 18,1873, for $1,255.00, gold ; one at 24 months from March 11, 1873, for $1,340.00, gold ; one at 30 months from March 11, 1873, for $1,425.00, gold. Such notes to be guaranteed by defendant.
The notes and guaranty were given.
The amount of these notes was arrived at by the following statement:
Total amount of indebtedness of Kapp, Bernhard &
Einstein, divided into three parts, 9831.40 ) ^ qs each one-third M, ' - - - -)
fl. at 42 cts. gold, - - $4,129.30 being amount due by each individual party, March 18th, 1873, in gold.
DIVIDED INTO FOUR PAYMENTS.
$1,129.30, at 12 mos. from March 11th, 1873.
79.05 interest at 7 per cent.
56.46 commission each 6 months 2¿á per cent, making 5' per cent.
56.46 charges 1m per cent, each 3 mos., 5 per cent.
$1,321.27 in gold, first payment.
*513 $1,000.00 at 18 mos. from date of maturity, March 18th, 1873.
105.00 Int. at 7 per cent., for 18 months.
75.00 2m per cent, commission in each 6 mos. 7M i
75.00 charges lM per cent, each 3 mos. 7m per cent.
$1,255.00 in gold.
$1,000.00 at 24 mos. from March 11th, 1873.
140.00 Int. at 7 per cent, for 24 months.
100.00 2M per cent, commission for each 6 mos. 10 %
100.00 charges lM each 3 mos., 10 per cent.
$1,340.00 in gold.
$1,000.00 at 30 months from March 11th, 1873.
175.00 Int. at 7 per cent, for 30 months.
125.00 2m per cent, commission each 6 mos. 12m #
125.00 lM- per cent, charges each 3 mos. 12m i
$1,425.00 in gold.
The 2m per cent, mentioned in the statement was called and intended by the plaintiff as commissions, and the lM per cent, therein mentioned was called and intended by him as contingent expenses to be incurred fur raising and borrowing money for the plaintiff’s use during the said period. „
An agreement is not necessarily usurious which provides a commission on advances made by a factor, or where money has been advanced by factors to pay drafts, and the commissions have been earned. Nor is it per se usurious for an agent or factor to agree for a reasonable commission to be paid by the principal for accepting and paying bills with funds furnished by the latter. The rule extracted from the English cases clearly defines the distinction which exists in these cases. It is, wherever the lender stipulates even for the chance of an advantage beyond the legal interest, the *514 contract is usurious, if he is entitled by the contract to have the money lent, with the interest thereon, repaid to him at all events (Barnard v. Young, 17 Vesey, 44; Chippendale v. Thurston, 1 Car. & Payne, 101). In cases of this kind it becomes a question of intent which is essential to constitute the offense of usury. But the intent must be deduced from and determined by the facts. Knowingly and intentionally taking or reserving a greater interest or compensation for a loan than that allowed by law is per se usurious. The intent is manifest in this case. The transaction was a mere pretense or cover to take more than seven per cent, for the use of the- money during the term of the loan, and so the court below has found. The plaintiff writes:
“I have to say, Gents, that the proposition which you make, and according to which it would take three years until I would be paid off by you, is not quite reasonable. You know not and cannot judge about the trouble it gives me, to raise and provide the large amount advanced to you. If I would have been prepared for it, or if I had made arrangements before with you accordingly, it would be different; but instead of that, and as 1 have no cash to my disposition, but have to borrow the money from three to three months, or raise the amount by drafts on my friends and relations living out of the city, it is great trouble to me ; three months is the longest time allowed in this country for such transactions, and then it can only be done with more or less expenses, such as loss on exchange, brokerage, commission, stamps, etc. Regarding the interests offered by you, I will not accept the same, and I have charged you only, as you will seeo by my account, the regular interest of seven per cent. But as the transaction as it now stands gives ine considerable more work and trouble as if I would transact for you in a regular business way, I have to charge you the same commission as if this would be the case, and which is
*515 two and a half per cent, for each six month, or for twelve months twice two and a half per cent., or five per cent., and so on. (The time for closing np your transactions before took always about six months, and I charge you two and a half per cent, for it.)
“Besides this, however, I have to charge you for each three months one-quarter per cent, to raise and cover the amounts by borrowing and as described above, and which scarcely covers my loss and disbursements, and for which you have also to come up. You can surely also not object against this, or I would be compelled to sell some of my American securities, and where I would lose none, and under the present horrid state of money matters and difficulties on all European exchanges, perhaps ten to twenty per cent., and which I would then have to charge to you. Since I wrote you last on this subject, it has changed yet considerably to the worse in this direction. By my actions you see that 1 do all in my power, and with so much trouble to assist you, and at the same time to save you from losses so much as possible, but above that I cannot go. Consequently the charges are seven per cent, for interests; five per cent, for commissions, and five per cent, for losses and disbursements, which makes altogether seventeen per cent.”
There was no evidence that the plaintiff had been obliged to borrow by reason of the extension of time, or had in fact borrowed, or had been put to any loss, charge or expense over and above borrowing.
The debtor agrees that commissions might possibly be earned, and were proper, although they had never been earned, and by the terms of Ms obligation agrees to pay them at all events, whether earned or not, and the stipulated percentage for prospective losses and disbursements which may be met in the future, whether they actually occur or not. It is evident that the plaintiff intended to stipulate for this chance of a *516 greater profit than seven per cent, for the use of his money, as it is made a part of the written agreement showing the terms upon which the use of the money was made, and it does not appear there was any mistake or misunderstanding in making the agreements If agreements of this character are carried out and tolerated by the courts the most oppressive exactions of usury would become legalized, because the necessitous and indigent debtor had agreed to the extortion.
The appellant’s counsel contends that the original contract was made in Germany for money to be advanced in Germany. It cannot be denied that a contract is to be governed by the laws of the place where it is made, if it is not to be performed according to the terms of the contract elsewhere (Story on Conflict of Laws, § 282). The four notes are dated and payable at the City of New York, and they were delivered in this State, as they were mailed in this city by Bernhard to the plaintiff, and by his directions. I am unable to appreciate the view taken by counsel between the notes and the guaranty as separate existing contracts. If these notes are intrinsically usurious, and therefore in violation of the statute, the guaranty is equally so. It had no different or other consideration than the notes. They were delivered at the same time and identical in their consideration, and the contracts are not independent (Rosa v. Butterfield, 33 N. Y. 665).
An examination of the requests by plaintiff for additional findings of fact shows that they were properly refused; and the exceptions to the facts found, and conclusions of law, were properly overruled.
The judgment appealed from must be affirmed, with costs.
Freedman, J., concurred.