MARY CAMPBELL, AS ADMINISTRATRIX, ETC., OF JAMES CAMPBELL, DECEASED, APPELLANT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, RESPONDENT.

*Negligence — when a railroad should provide by rules for the proper protection of its employees.*

While the plaintiff's intestate was assisting in unloading gravel from one of the defendant's cars the person in charge of the work signaled the engineer to back the train, and thereupon the engineer did back it without giving any notice or warning that he intended so to do. The intestate was thrown from the car and killed. Upon the trial the plaintiff offered to prove that the defendant was guilty of negligence in not having adopted a proper system for warning its employees of an intended movement of the cars.

*Held,* that the court erred in rejecting the evidence.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the plaintiff's complaint at the circuit.

*P. & D. Mitchell,* for the appellant.

*Frank Loomis,* for the respondent.

DANIELS, J.:

The intestate was upon one of the cars of a gravel train to assist in unloading gravel, when the accident happened by which he was thrown from the car and killed. The person who was in charge of the work signaled the engineer to back the train, which he did without warning or notice that any change in its position was intended to be made. And the deceased having no intimation that any change in the location of the train was to be made, was not on his guard or prepared for such change. And to charge the defendant with liability for the death of the intestate the plaintiff offered " to show that there was negligence here in not having a proper system of warning these men." This was objected to on the part of the defendant, and the evidence offered was excluded, to which the counsel for the plaintiff excepted. The offer was to prove that the defendant had been negligent by failing to provide some rule or regulation which should be observed for the security and safety of the men employed before the train should be moved. And the

court cannot say that the plaintiff would have failed to make the proof if the evidence, in the power of the plaintiff to produce, had been received. The rule, on the contrary, is that it must be presumed that evidence offered and rejected would be given if the ruling had placed the party offering it at liberty to give it. And if it had been given, then negligence on the part of the defendant might have been shown, which probably caused the death of the intestate. By the offer the plaintiff undertook to make proof to this extent, which as there was no evidence on which the court could hold the intestate to have been careless, would have justified the submission of the action to the jury. It was the duty of the defendant to guard the intestate against such perils as might have been avoided by the observance of ordinary diligence on its part, and not carelessly to omit to provide rules which faithfully carried out would insure safety. (*Sheehan* v. *N. Y. Central and Hudson River R. R. Co.*, 91 N. Y., 332, 338, 339.) And it was the design of the evidence which was offered, to show that the defendant had failed to observe this duty. The judgment should be reversed and a new trial ordered, with costs to abide the event.

Brady, J., concurred.

Present — Brady, P. J., and Daniels, J.

Judgment reversed, new trial ordered, costs to abide event.