COHEN v. BARRY et al.

(Supreme Court, Appellate Term.   June 30, 1908.)

1. EVIDENCE—ADMISSIONS AGAINST INTEREST—PROOF AND EFFECT—WEIGHT AS EVIDENCE.

Where plaintiff's case turns on his showing his ignorance that defendant was acting as agent, and not as principal, plaintiff's admissions against interest, made on cross-examination, are entitled to greater weight than his denials of any knowledge of agency, made on direct examination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1029–1050.]

2. PRINCIPAL AND AGENT—EXISTENCE OF AGENCY—SUFFICIENCY.

In an action which turned on the issue of plaintiff's knowledge that defendant was acting as agent, and not as principal, evidence considered, and *held* insufficient to sustain a judgment for plaintiff on the theory that he had no knowledge that defendant was acting as agent.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William Cohen against Joshua H. Barry and another. From a judgment for plaintiff, defendants appeal.   Reversed, and new trial ordered.

See 108 N. Y. Supp. 573.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

H. B. Davis and Henry S. Mansfield, for appellants.
Norman W. Kerngood, for respondent.

PER CURIAM.   The only question in this case is whether the plaintiff had knowledge that defendants were merely agents, and not principals, in the transaction in suit.   On the first trial the evidence clearly showed that he had such knowledge, and we reversed a judgment in plaintiff's favor on that ground.   On the second trial the plaintiff again obtained judgment, and the court below, in its opinion, endeavors to show that the plaintiff has established his ignorance of such agency.   A review of the testimony, however, discloses the following admissions, viz.:

"Q. And you understood the Northwestern Realty Company were the builders? A. Yes. * * * Q. Well, Barry & Co. told you they were building it? A. Yes.   Q. And they told you they were trying to get a lease from the Northwestern Realty Company?   A. Yes.   Q. Now, I ask you whether you remember testifying at the last trial the following question and the following answer: 'Q. You paid them the money, knowing that they were not the owners?   A. Yes; left it as security.'   Is that right?   A. Yes.   Q. Is that true?   A. Yes.   Q. I ask you whether you testified as follows: 'Q. Did Barry & Co. tell you that they were agents?   A. Yes; they told me they were agents.' So that is correct?   A. Yes.   Q. Another question: 'Q. And Barry & Co. told you they were accepting this money as agents?   A. Yes.'   Is that correct? A. That I don't remember.   I suppose so, if it is in there.   Q. Is that true? If you made such an answer, is it true?   A. Yes."

These are admissions against interest, and entitled to greater weight than plaintiff's denials of any knowledge of agency made on his direct

examination. We think the judgment is against the weight of evidence, and must be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.