## LEAVITT v. ENOS.

(Supreme Court, Appellate Division, First Department. March 20, 1913.)

Usury (§ 18*)—Usurious Transactions—Commission or Bonus to Agent or Other Third Person.

An assignment of a person's interest in a decedent's estate to the extent of $7,500 would not be enforced where the assignee only advanced to the assignor $5,500, the difference being divided between the assignee, her agents, and their attorney, since the transaction constituted a usurious loan of money.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 31–34, 36–38, 40; Dec. Dig. § 18.*]

Appeal from Trial Term, New York County.

Action by Lillian B. Leavitt against Charles N. Enos, as ancillary executor of Thomas B. Enos, deceased. Judgment for plaintiff, and defendant appeals. Reversed, unless plaintiff stipulates to reduce recovery.

See, also, 137 N. Y. Supp. 1126.

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

J. Noble Hayes, of New York City, for appellant.
Max D. Steuer, of New York City, for respondent.

SCOTT, J.  The plaintiff seeks to recover upon an alleged assignment by Thomas B. Enos, defendant's testator, of a sum of money part of the said testator's share or interest in the estate of Thomas W. Evans, deceased.  The facts are very simple.  A contest arose as to the proper distribution of the estate of Thomas W. Evans, deceased. Thomas B. Enos was entitled to a share in said estate, and was a contestant of his will.  In June, 1900, an agreement was made between the executors of the Evans estate and the several contestants of his will, by which, among other things, it was agreed that said Thomas B. Enos should be paid the sum of $55,000.  There seems to have been some additional claim on his part to a further sum the details of which are not disclosed.  For some reason, not stated in the record, there was a delay in the payment of the $55,000 to Enos, and he, desiring an advance thereon, applied to an attorney named David C. Meyers to procure one.  Meyers had for clients two brothers named Bernstein, who were also brothers of the plaintiff.  It was arranged that Enos should assign to plaintiff $7,500 of the sum agreed to be paid him out of the Evans estate, and a formal agreement was drawn up upon which this action is brought.  The action was originally against the executors of the Evans estate.  They obtained an order interpleading Enos, and paid into court the amount due him.  Enos afterwards died, and the present defendant was substituted in his place.

The transaction between plaintiff and Enos was very similar to the one which we have recently had occasion to consider in Hall v. Eagle Ins. Co., 151 App. Div. 815, 136 N. Y. Supp. 774, except that the present case is, if anything, a little balder and less complicated than the Hall Case.  The assignment, now under consideration, purports to sell, assign, transfer, and set over to plaintiff (then named Friedlander) any and all claims which Enos then had in and to the estate of Thomas W. Evans, deceased, to the amount of $7,500.  Reference is made to the agreement by the executors of said Evans to pay Enos the sum of $55,000.  It is further provided that, if the said sum of $7,500 be not paid out of the agreed sum of $55,000, then that it shall be charged against any other sum due to Enos out of the Evans estate, and, finally, Enos warranted and guaranteed the repayment to said plaintiff of the said sum of $7,500.

All that Enos received was $5,500, the difference between that sum and $7,500 being divided between plaintiff, her brothers, and agents and their attorney.  It is perfectly clear that the transaction was a loan of money, and that the pretended assignment was a mere cloak for usury.  It is unnecessary to repeat here the reasons for such a conclusion which were stated at length in the Hall Case.  Upon the undisputed facts the complaint should have been dismissed upon the ground that whatever money was advanced by plaintiff was so advanced upon a corrupt and usurious agreement which is unenforceable at law.

The defendant, however, both upon his brief and in open court, expresses his willingness and desire that the plaintiff shall be repaid the amount actually advanced to his testator, and to that end offers to consent to a judgment for $5,500. Upon this concession alone we refrain from reversing the judgment and dismissing the complaint.

The judgment will therefore be reversed, and the complaint dismissed, with costs and disbursements to the appellant, unless the plaintiff stipulates within 20 days that the judgment be reduced to $5,500, in which case the judgment as so reduced and modified will be affirmed, with costs and disbursements to the appellant. All concur.