### SCHANZ v. SOTSCHECK et al.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. USURY (§ 55*)—WHAT CONSTITUTES USURY.

Under General Business Law (Consol. Laws, c. 20) § 371, providing that no person shall directly or indirectly receive a greater sum for the loan of money than 6 per cent. per annum, a transaction whereby money lenders, who acted through a dummy, charged defendants a bonus of $1,800 on a $12,000 mortgage, though the expenses of the mortgage for which it was given amounted to only $200, and the mortgage bore 6 per cent. interest, is usurious.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 119–121; Dec. Dig. § 55.*]

2. USURY (§ 85*)—CONSPIRACY—ACT OF CONSPIRATOR.

Where several conspired to collect usury, the act of one may be regarded as the act of all.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 168; Dec. Dig. § 85.*]

3. USURY (§ 16*)—WHAT CONSTITUTES.

The form of a transaction will not determine whether it is usurious, and the fact that money lenders acted through a dummy will not free a usurious transaction from taint.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 30; Dec. Dig. § 16.*]

Ingraham, P. J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Joseph Schanz against Carl Sotscheck and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry B. Twombly, of New York City, for appellants.

Hugo Hirsh, of Brooklyn, for respondent.

McLAUGHLIN, J. Action to foreclose a mortgage upon real estate. The appellants interposed an answer setting up the defense of usury and asked for a cancellation of the mortgage upon that ground. At the trial the court dismissed the defense, as it considered the facts alleged did not constitute usury.

[1, 2] The answer alleged that on February 3, 1911, the firm of Frederick Zittel & Sons agreed with the appellant Carl Sotscheck to obtain for him a loan upon his bond and mortgage for $12,000, bearing 6 per cent. interest, upon his paying a bonus of $1,800, which was also to cover the expenses connected with the loan; that the expenses did not exceed $200, "making a net bonus of about $1,600, which was exacted for the making of said loan, and it was so understood at the time" the same was agreed to be made; that Zittel & Sons informed Sotscheck they were ready to make the loan, and thereupon the mortgage in question was given, he receiving from Zittel & Sons $10,200; that the bond and mortgage given were made payable to one Sinnigar, who was not the real party in interest and did not advance the money for the loan, but was a mere dummy for Zittel & Sons and was a party to the scheme to exact said illegal and usurious bonus from the defendants; that Sinnigar, as a part of the same scheme, assigned the bond and mortgage to the plaintiff, who took it with full knowledge of all the facts; and that the transaction was the result of a conspiracy between Zittel & Sons, Sinnigar, and the plaintiff, whereby they sought to reserve, take, and exact for making the loan $1,600 in excess of 6 per cent. interest. These facts were not only alleged, but the appellants offered to prove the same at the trial, which offer was refused and an exception taken.

I am of the opinion, if such facts had been proved, that the case would have been brought within the statute and established that the loan was usurious. The General Business Law, § 371, provides that:

"No person or corporation shall, directly or indirectly, take or receive in money, goods or things in action, or in any other way, any greater sum or greater value, for the loan or forbearance of any money, goods or things in action, than six per cent. per annum."

By means of the conspiracy alleged and offered to be proved at the trial, Zittel & Sons, Sinnigar, and the plaintiff exacted, as a condition for the $12,000 mortgage, in addition to the 6 per cent. interest thereon, appellants' promise to pay a bonus of $1,600, which sum the defendants did pay when the loan was made. If the firm and the two persons named were acting together in a conspiracy to obtain the bonus as a condition for making the loan, then the act of one may be re-

garded as the act of all, and the situation is precisely the same as though Zittel & Sons had advanced the money themselves and received the bond and mortgage in their own name and were now seeking to enforce it. That a loan, under such circumstances, would constitute a usurious transaction is too plain for discussion. Birdsall v. Patterson, 51 N. Y. 43; Milliken v. Golden, 73 Hun, 212, 25 N. Y. Supp. 885.

[3] But it is said that the answer does not show an agreement by the appellants to pay the bonus in consideration for the loan, because it is not expressly alleged that the appellants were aware, at the time the loan was made, that the firm to which they promised to pay the bonus was itself making the loan through a dummy. I think such allegation is fairly to be inferred from what is alleged, but if not, if the other allegations are true, it is of no importance. One cannot escape the force of a usurious agreement by resorting to the use of a dummy. Form amounts to nothing, if the facts alleged and established show the transaction was usurious. Courts always look to the actual nature of the transaction and not to the form which the parties may have given to it. Smith v. Cross, 90 N. Y. 549. In the great majority of usurious transactions, a subterfuge of one kind or another is resorted to for the purpose of giving it a legal appearance. Such appearance, however, never deters the court from pronouncing the transaction usurious, once that fact appears. Braine v. Rosswog, 13 App. Div. 249, 42 N. Y. Supp. 1098. This rule is well stated in Knickerbocker Life Insurance Co. v. Nelson, 78 N. Y. 137, where the court stated:

"It has been said and reiterated by the courts, from the time the schemes and contrivances of lenders became the subject of judicial examination, that there is no contrivance whatever by which a man can cover usury, * * * and that no subterfuge shall be permitted to conceal it from the law."

The answer is by no means a model pleading. It is inartificially drawn, but there are facts stated sufficient to show, if true, that the loan was usurious. The fact is expressly alleged that the defendants paid to Zittel & Sons $1,600 to obtain the loan; that such payment was made by reason of a conspiracy between that firm, Sinnigar, and the plaintiff, "whereby they sought to reserve, take, and exact a greater sum for the loan to the said defendants than 6 per cent. per annum."

I am of the opinion that the court erred in dismissing the answer, also in not receiving the proof offered by the appellants to establish the allegations of fact therein set forth.

The judgment appealed from, therefore, is reversed, and a new trial ordered, with costs to appellants to abide event.

LAUGHLIN, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, P. J. I dissent. While there are general charges of conspiracy in the answer, there are no facts alleged to justify a finding that the plaintiff, who purchased this mortgage in question from the mortgagee, took part in any scheme by which the defendant was compelled to pay or did pay the broker a bonus for obtaining the loan by which usury was exacted. It was the defendant who em-

ployed Zittel & Sons to procure the loan. So far as appears, Zittel & Sons acted solely as brokers or agents of the defendants. I suppose the defendants could agree to pay Zittel & Sons any sum as compensation for their services in procuring the loan, and the allegation that the money exacted by Zittel & Sons as a condition for obtaining this loan was paid to the plaintiff or to Zittel & Sons, being in the alternative, was not an allegation that the plaintiff ever received any part of this bonus, or exacted a sum in excess of 6 per cent. as interest on the loan. It is the lender that must exact the illegal bonus or interest. The mere fact that the borrower's agent exacted it or received it does not connect the lender with the transaction so as to make the loan usurious. There is no allegation that Zittel & Sons were the plaintiff's agent; that Zittel & Sons, when exacting this bonus, acted on behalf of the plaintiff; that the plaintiff did any more than make the loan at the request of the defendants' agent who procured it; and no direct allegation that the plaintiff ever received any of the usurious interest or bonus.

I think the answer was insufficient, that the court below was justified in refusing to take evidence, and that the judgment should be affirmed.