CANNON v. FARGO.

(Supreme Court, Appellate Division, Second Department. April 16, 1915.)

1. EVIDENCE ⟊591—TESTIMONY OF PARTY—CONCLUSIVENESS.

In an action by a servant against his master for personal injuries received in handling express matter, where plaintiff testified that he did not know it was his duty to help with express packages, such testimony controlled on the issue of whether he was a mere volunteer when injured.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2440–2443; Dec. Dig. ⟊591.]

2. APPEAL AND ERROR ⟊1175—DISPOSITION OF CAUSE—DISMISSAL.

Where the complaint should have been dismissed below, the appellate court may render a final judgment of dismissal of the action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. ⟊1175.]

On rehearing. Judgment reversed, and complaint dismissed.

For former opinion, see 150 N. Y. Supp. 1079.

See, also, 151 N. Y. Supp. 1108.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Frank Hasbrouck, of Poughkeepsie, for appellant.

Harry Arnold, of Poughkeepsie (Charles Morschauser, of Poughkeepsie, on the brief), for respondent.

PER CURIAM.    [1] Plaintiff's first and direct admission that at the time of the accident, and at the first trial, he did not know it was his duty to help with express packages, must control.   He then swore that such help was not his duty, nor his custom, since (except in rare instances when called on by the station master) he had not given such help to defendant's servants in handling express matter.   His own testimony must be accepted as true, and therefore must be decisive of his action.   A mere volunteer, when he went to this express car, as plaintiff conceded that he was, could not afterwards face about and turn himself into an emergency helper by such outside testimony as plaintiff produced at the later trials.

[2] As the complaint should have been dismissed below, this court, on reversal, may render a final judgment of dismissal.   Peterson v. Ocean Electric Co., 214 N. Y. 43, 108 N. E. 199; Bullock v. New York Central & Hudson River R. Co., 213 N. Y. Memoranda, 68, 108 N. E. 1090.

The judgment and order are therefore reversed, and the complaint dismissed, with costs.