BETHLEHEM FINANCE CORPORATION, Respondent, *v.* BETTY SCHULLER, Appellant, and CUTTING LARSON CO., INC., Defendant.

Supreme Court, Appellate Term, First Department, April 14, 1925.

Usury — usurious contracts — exclusion of evidence in action for money loaned, showing exaction of illegal interest, error — judgment reversed.

It is error to exclude evidence, tending to show that an excessive and illegal rate of interest has been exacted in a transaction, upon which is predicated an action to recover for money loaned, to which the defense of usury is interposed, since the evidence is material and it is within defendant's right to show the facts surrounding said transaction.

Moreover, it is improper to exclude said evidence on the theory that all oral understandings prior to the execution of a chattel mortgage as security for said loan were merged within said mortgage, since it would permit the practice of a device to defeat the statutory inhibition against usury.

APPEAL by defendant, Betty Schuller, from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, rendered in favor of the plaintiff.

*Ezra Gottlieb*, for the appellant.

*Adelman & Levine* [*Charles B. Levine* of counsel], for the respondent.

LEVY, J.:

The action was commenced to recover money loaned and certain counsel fees which the respondent contends it was obliged to pay by reason of the appellant's default.   The answer of the latter contained the defense of usury, and this issue was litigated upon the trial.   While the principal grievance of the appellant seems to lie in her claim that the finding of the trial justice was clearly against the weight of the credible evidence, we do not consider it necessary to determine this, as the improper exclusion of competent evidence tending to support the said defense calls for a reversal of the judgment below.   It appears that a chattel mort-

gage was executed in this situation for the purpose of securing the loan made. Appellant's counsel, in his effort to establish the defense of usury, sought to elicit certain proof, which the trial justice declined to receive on the theory, apparently, that all oral understandings.had prior to the execution of the mortgage were deemed to be merged within it. This was not a proper application of the rule and resulted in foreclosing appellant from presenting evidence which unquestionably was admissible. (*Campbell* v. *Connable*, 98 N. Y. Supp. 231.) The proof was clearly material, as it might well warrant the imputation that subterfuge was resorted to in effectuating this loan; a means ostensibly legal, actually usurious. Defendant certainly had the right to prove an excessive and illegal exaction of interest. If this were not so, the means merely legal on its face could successfully be employed to defeat the statutory inhibition against usury. But it must be so, as no device to evade the statute so as to enable the lender to receive more than legal interest will remove the taint of usury. The courts will always look to the real nature and not to the apparent form which the parties may see fit to give to a transaction. Error was, therefore, committed in excluding the testimony offered, and accordingly, the judgment must be reversed.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, WAGNER and LEVY, JJ.