### TOPPING v. TRADE BANK OF NEW YORK et al.

### No. 183.

Circuit Court of Appeals, Second Circuit.

Nov. 2, 1936.

White & Case, of New York City (Chester Bordeau, of New York City, of counsel), for plaintiff.

Max Horowitz, of New York City, for appellees American Perfit Crystal Corporation and Ira Guilden.

Solon B. Lilienstern, of New York City, for Trade Bank of New York.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

An injunction was prayed for in this suit to restrain appellees or any of them from negotiating or transferring six promissory notes, dated November 22, 1935, payable in 3, 4, 9, 10, 11, and 12 months from date, and asking for their surrender and cancellation because they were made for usurious interest. Appellant is an indorser on all the notes. New York State statutes are involved (sections 370, 371, 373 of the General Business Law [Consol.Laws, c. 20]), which establish the rate of interest of $6 upon $100 per year, forbid usury, and declare usurious contracts void. Section 373 reads: "Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt, has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled."[1]

Sections 380 and 381 of the General Business Law fix the compensation to be paid for procuring a loan of money. It is 50 cents for a brokerage of a loan or forbearance of $100 and in that proportion for greater or less sums except loans on real estate security. If any sum in excess is paid, it may be recovered by suit.

Appellant's complaint and affidavits tend to establish that appellee Guilden, chairman of the board of directors of the appellee Trade Bank, loaned $25,000 to Herd; and received as a bonus a participation certificate valued at $12,500 in a trust, which Herd and one Samuel A. King had created of certain mining properties. The purpose of the trust was to finance a mining company. Guilden required satisfactory endorsements. On advice of Guilden's attorney, a corporation, Bryant Sales Company, was procured as maker of the note, and it is not disputed that it was a dummy used because there was insufficient time to obtain a note from the mining company, for which the loan was required. Guilden controlled the Bryant Sales Company. His attorney prepared the note and had it signed. It was made payable to ·Herd for $25,000 at the Trade Bank—$2,500 ninety days, $5,000, one hundred and eighty days, $7,500 two hundred and seventy days, and $10,000 one year after date. When the note was given, two trust certificates were issued; one for $25,000, as collateral for the note; the other for $12,500, was given to Guilden. A cashier's check, drawn on the Trade Bank to the trustee of the aforementioned trust, was delivered to Herd's attorney. This check was paid. After delivery of the check, Guilden told Herd he had obtained the money from the American Perfit Crystal Corporation. Herd knew no official of this corporation and had no dealings with it. When the first payment became due, it was not paid. In November, 1935, Guilden told Herd the loan was embarrassing to him at the Trade Bank, but that he could obtain an extension by making a payment on account provided he could obtain a promissory note executed by the appellant Herd and King, in lieu of the participating certificate for $12,500. He said he intended to discount this new note, obtain the funds to make payment of $2,500 on the Bryant Sales Company note, and that he would lend Herd an additional $7,500 on notes to be executed by Herd and endorsed by appellant. Guilden was unable to obtain the $7,500 referred to, but did obtain an additional $3,000 which he advanced to Herd and for which he received notes executed by Herd and endorsed by the appellant and one Conroy. In June, 1936, appellant was informed by Herd that he had received only $25,000 from Guilden for the notes aggregating $35,000. This suit was then commenced.

Appellees' answering affidavits seek to show that Guilden did not make the loan but procured the American Perfit Crystal Corporation to do so and that the participating trust certificate was given to him for his services in procuring the loan for Herd and in guaranteeing payment of the $25,000 note. No such written guaranty is shown to exist.

Herd, who obtained the money, had no connection with the Bryant Company and says that the company was suggested to him for use by Guilden. If, as argued, the loan was made by the American Perfit Crystal Corporation, there is no explanation why the transaction was not the ordinary one of a note signed by Herd and delivered to the alleged lender, with a guaranty thereof by Guilden. The various papers prepared and executed lend support to the argument of the appellant that the appellees were trying to avoid the legal dangers attendant upon a usurious transaction. The president of the American Perfit Crystal Corporation states that he never met Herd and that Herd never met any representative of his company. The Bryant Sales Company, the maker of the note, was furnished by Guilden, and Guilden states in his affidavit, "corporations of which I was and am an officer had made substantial purchases of watch crystals from the American Perfit Crystal Corporation." A cashier's check on the Trade Bank was the method used in making the loan. The American Perfit Crystal Corporation did not give its check. A check is claimed to have been given by the American Perfit Crystal Corporation to the bank, but this is controverted. In their correspondence, appellant and Herd wrote to Guilden as if he were the real lender of the money. The affidavits make a strong argument that Guilden was in fact the lender and that he received a $12,500 trust certificate and later a note in exchange therefor for the same amount as a bonus.

If a device to cover an agreement to pay more than the legal rate of interest is disclosed at a trial to be had, it will establish usury and make the contract to pay unenforcible at law. Leavitt v. Enos, 155

App.Div. 584, 140 N.Y.S. 862. The lender cannot evade the usury statute by a disguise. Grannis v. Stevens, 216 N.Y. 583, 111 N.E. 263; Schanz v. Sotscheck, 160 App.Div. 798, 145 N.Y.S. 778. To be sure it is claimed that Guilden received the $12,500 note in consideration of his procuring the loan and his guaranty of the payment thereof, but this is contradicted. Whether the guaranty of payment was oral or in writing is not disclosed. Moreover, the affidavits seem to limit the consideration for the $12,500 to services and do not recite any guaranty. This compensation for services is far in excess of that allowable under sections 380, 381 of the New York State General Business Law. The courts never permit a form to shield illegality or statutes to be evaded by sham or pretense. In re Straschnow, 181 F. 337 (C.C.A.2).

All of the notes save one have matured and that, for $12,500, is due November 23, 1936. This one should not be permitted to pass into the hands of an innocent holder for value, nor should it be permitted to be transferred to a state or national bank in whose hands the defense of usury urged by the appellant would be unavailing. Weaver Hardware Co. v. Solomovitz, 235 N.Y. 321, 139 N.E. 353; Schlesinger v. Gilhooly, 189 N.Y. 1, 81 N.E. 619, 12 Ann. Cas. 1138. Accordingly, we will modify the order so as to restrain the transfer or negotiation of the $12,500 note due November 23, 1936. Whatever other equitable relief appellant may be entitled to must await the trial of the issues.

Decree modified.