**NATIONAL EQUIPMENT RENTAL,
Ltd., Plaintiff,**

v.

**T. G. STANLEY, doing business as Stanley's Drug Store, Defendant.
Civ. No. 17725.**

United States District Court
E. D. New York.
Oct. 28, 1957.

———◆———

Wilbur G. Silverman, Brooklyn, N. Y., for plaintiff.

Raphael & Dorman, Brooklyn, N. Y., for defendant, Benjamin R. Raphael, Brooklyn, N. Y., Sidney S. Rubin, New York City, on the brief.

ZAVATT, District Judge.

The plaintiff has moved, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a summary judgment in its favor upon the complaint, the answer, the answers of the defendant, T. G. Stanley, made on August 24, 1957 to the interrogatories dated August 9, 1957, and the moving affidavits of M. S. Rosen, President of the plaintiff corporation, sworn to September 9th, 1957.

In opposition to this motion, the defendant has submitted the affidavit of the defendant, T. G. Stanley, sworn to September 16, 1957, the affidavit of Benjamin R. Raphael, his attorney, sworn to October 23, 1957, two affidavits of Hugh O. Hanna, the defendant's attorney in South Carolina, each sworn to September 16, 1957. The attorneys for the defendant have also submitted in opposition to this motion a memorandum of law which is both comprehensive and concise and merits the commendation of the Court.

The plaintiff is suing upon an alleged lease entered into between the plaintiff and the defendant dated April 30, 1956. This instrument was signed and acknowledged by the defendant in the State of South Carolina on April

27, 1956 and was signed and acknowledged by the plaintiff in the State of New York on April 30, 1956. In form it is a lease by the plaintiff to the defendant of trade fixtures now being used by the defendant in his drugstore in Hampton, South Carolina. The complaint alleges the default of the defendant in the payment of certain installments of rent due under said lease, which contains an acceleration clause by virtue of which the plaintiff claims that the entire amount of rent to be paid under said lease over a five-year term has become due, and that the unpaid balance of rent is now $17,810.53, with interest from March 20, 1957. In a second cause of action the plaintiff pleads paragraph 14 of said lease, which provides that in the event of the default of the lessee, the defendant herein, the defendant agrees to be liable for all expenses which the plaintiff may incur in connection with the enforcement of its remedies, including legal expenses and reasonable attorney's fees. In this second cause of action the plaintiff alleges that it has incurred expenses and will incur further expenses, including reasonable attorney's fees and expenses, in the sum of $6,000. In a third cause of action, plaintiff seeks possession of the leased equipment.

By his answer, the defendant denies all of the material allegations of the complaint and sets up as a separate and complete affirmative defense a defense of usury. The defendant contends that the agreement between the parties was not a leasing of trade fixtures but, rather, a loan transaction whereby the plaintiff loaned to the defendant and the defendant borrowed from the plaintiff the sum of $20,522.58 and was required to pay as a bonus a sum of approximately $7,500.

In this case there is involved a substantial issue of fact turning on credibility, which should not and cannot be tried by affidavit. Colby v. Klune, 2 Cir., 178 F.2d 872.

■■ The plaintiff contends that the defendant is bound by the form of the written agreement between the parties and that the defendant will not be able to vary the terms of the written lease by parole evidence in order to show the alleged usury. The defense of usury is one which a debtor may make even though it contradicts a written agreement. Houghton v. Burden, 228 U.S. 161, 169–170, 33 S.Ct. 491, 57 L.Ed. 780; Williston on Contracts, Revised Edition, Volume 6, page 4811; In re Straschnow, 2 Cir., 181 F. 337; In re Canfield, 2 Cir., 193 F. 934, 936; Bethlehem Finance Corp. v. Schuller, 124 Misc. 741, 209 N.Y.S. 228. The form of a contract is not controlling. If it were statutes against usury would be unenforceable. For that reason it is the duty of the court in each case presented to examine into the substance of the transaction between the parties and to determine if the intent which pervaded it was one which violates the statutes against usury. DeWolf v. Johnson, 10 Wheat. 367, 385, 6 L.Ed. 343; Topping v. Trade Bank of New York, 2 Cir., 86 F.2d 116, 117–118; Hall v. Eagle Insurance Co., 151 App.Div. 815, 136 N.Y.S. 774, affirmed 211 N.Y. 507, 105 N.E. 1085.

■ The plaintiff has not sustained the burden of establishing that there is no issue of fact and all doubts raised by the pleadings and the affidavits must be resolved against the plaintiff. Moore's Federal Practice, Second Edition, Volume 6, page 2165; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Peckham v. Ronrico, 1 Cir., 171 F.2d 653; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130.

The pleadings and the affidavits in support of and in opposition to this motion demonstrate clearly that there are genuine issues of a material fact which cannot be determined by affidavits on a motion for summary judgment but, rather, should be determined at a trial.

Motion for summary judgment denied. Attorneys for the defendant are directed to settle order on notice.