SPILO et al. v. BAUMANN-McWHIRTER CHEMICAL CO., Inc.

(Supreme Court, Appellate Term, First Department. February 23, 1916.)

1. BROKERS ⚭7—CHARACTER AS BROKERS—NATURE OF CONTRACT.

A contract between plaintiffs and defendant, calling for the production by defendant of a customer who would sell to plaintiff's principal 50 tons of carbolic crystals, was a brokerage contract.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 5–8; Dec. Dig. ⚭7.

For other definitions, see Words and Phrases, Second Series, Brokerage Contract.]

2. BROKERS ⚭54—RIGHT TO COMMISSION—PERFORMANCE OF CONTRACT.

The essentials of performance of a brokerage contract are the production of a person ready, willing, and financially able to perform on the terms proposed.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81; Dec. Dig. ⚭54.]

3. CUSTOMS AND USAGES ⚭15—EVIDENCE ⚭444—ORAL EVIDENCE AFFECTING WRITING—CONDITIONS.

In an action for their commissions by brokers acting for the buyer of carbolic crystals against the broker who acted for the manufacturer, defendant broker should have been afforded opportunity to show by oral proof, not only that the giving of a letter agreeing to protect plaintiff brokers on any sale over a certain price was customary in the trade, but that the contract was to be binding only if accepted by defendant broker's principal; the admission of oral evidence to show that an instrument not under seal was delivered upon condition not being obnoxious to the rule excluding oral evidence which explains or contradicts the terms of a writing.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 30–33; Dec. Dig. ⚭15; Evidence, Cent. Dig. §§ 1929–1944, 2049; Dec. Dig. ⚭444.]

Appeal from City Court of New York, Trial Term.

Action by Leon Spilo and others, a copartnership, against the Baumann-McWhirter Chemical Company, Incorporated. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Frank J. Gardner, of New York City (Eugene F. McGee and Leonard F. Fish, both of New York City, of counsel), for appellant.

---

⚭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. [1] We think the proof submitted conclusively shows that the parties to the transaction involved herein were brokers pure and simple, and entered upon their duties in connection therewith with full knowledge thereof. The contract called for the production by defendant of a customer who would sell to plaintiffs' principal 50 tons of carbolic crystals. Upon the trial plaintiffs introduced in evidence two letters—one from the United States Trading & Transportation Company, directing the entry of its order for the crystals in question at a price of $1.02 per pound, and the other, which we quote in full, because really the basis of the action:

"Messrs. Spilo, Bayard & De Causse, 1692 Broadway, New York City. Gentlemen: It is hereby agreed and understood that you are to be fully protected on anything over a price of $1.00 per lb., given you on a contract to cover 50 tons of carbolic acid crystals on account of United States Trading & Transportation Company, 30 Pine Street, New York City. We will have the manufacturer here to-morrow a. m., when final contract can be signed. Thanking you for this business, we beg to remain,
"Very truly yours,    Baumann-McWhirter Chemical Co., Inc.,
"G. A. Baumann, Secy. & Treas."

[2, 3] The learned court took the view that this correspondence constituted a complete contract, and directed a verdict for plaintiffs for the amount of their commissions. In so doing we think error was committed. If the contract was a brokerage one, and the letters in evidence show that it was, then the very essentials of a contract of that character are lacking herein, viz. the production of a person ready, willing, and financially able to perform on the terms proposed by the buyer. But, even assuming that the letters make out a complete contract, defendants should have been afforded the opportunity of fully showing by oral proof, not alone that the giving of such a letter as the one quoted is customary in the trade, but that the contract relied upon was to be binding only in the event of acceptance by defendant's principal. This was their contention, and proof to that effect was offered in various forms on inquiry, but was excluded on objection and exception.

While the general rule is that, when an agreement is reduced to writing, it, as between the parties, is deemed to merge and overcome all prior or contemporaneous negotiations and declarations upon the subject, and that no oral evidence is admissible to vary, explain, or contradict its terms, yet when an instrument not under seal, like in the case at bar, is delivered upon conditions, it is always competent to show the same, as the annexing of such conditions to the delivery is not an oral contradiction of the written obligation. Benton v. Martin, 52 N. Y. 570; Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127. Within the rule, therefore, it was competent for defendants to show, as they attempted to do, that the order in question was given and taken subject to acceptance by defendants' principal, who never did accept, and that when plaintiffs received said order they were advised that commissions were dependent upon such acceptance.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.