'Thomas J. Reynolds, Respondent, *v.* Thomas Robinson et al.,
                            Appellants.

Parol evidence is admissible to show that a writing, which is, in form, a
    complete contract, of which there has been a manual tradition, was not
    to become a binding contract until the performance of some condition
    precedent resting in parol.
*It seems*, however, to avoid mistake or imposition, this rule should be
    cautiously applied, and confined strictly to cases clearly within its reason.

(Argued June 20, 1888; decided October 2, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made October 24, 1885, which reversed a judgment in favor
of defendant, entered upon the report of a referee, and ordered
a new trial.

This action was brought to recover damages for a breach of
an alleged contract for the purchase, by plaintiff, and sale by
defendants, of a quantity of lumber.

The following is the *mem.* of opinion:

" The finding of the referee, which is supported by evidence,
to the effect that the contract for the purchase and sale of the
lumber on credit, contained in the correspondence between
the parties, proceeded upon a contemporaneous oral under-
standing that the obligation of the defendants to sell and
deliver was contingent upon their obtaining satisfactory
reports from the commercial agencies as to the pecuniary
responsibility of the plaintiff, brings the case within an
exception to the general rule that a written contract cannot be
varied by parol evidence, or rather it brings the case within
the rule, now quite well established, that parol evidence is
admissible to show that a written paper which, in form, is a
complete contract, of which there has been a manual tradition,
was, nevertheless, not to become a binding contract' until the
performance of some condition precedent resting in parol.
(*Rym* v. *Campbell*, 6 El. & Bl. 370; *Wallis* v. *Littell*, 11
C. B. 368; *Wilson* v. *Powers*, 131 Mass. 539; *Seymour* v.
*Cowing*, 4 Abb. Ct. App. Dec. 200; *Benton* v. *Martin*, 52 N. Y.
570; *Juilliard* v. *Chaffee*, 92 id. 535, and cases cited; Taylor

on Ev. § 1038 ; Stephen's Dig. Ev. § 927.)    Upon this ground, we think the evidence of the parol understanding, and also that the reports of the agencies were unsatisfactory, was properly admitted by the referee and sustained his report, and that the General Term erred in reversing his judgment.    It is perhaps needless to say that such a defense is subject to suspicion, and that the rule stated should be cautiously applied to avoid mistake or imposition, and confined strictly to cases clearly within its reason.

" The order of the General Term should be reversed, and the judgment on the report of the referee affirmed."

*Tracey C. Becker* for appellant.

*E. A. Nash* for respondent.

ANDREWS, J., reads for reversal of order of General Term and for affirmance of judgment entered on report of referee.
All concur.
Order reversed and judgment affirmed.