GOERLITZ et al. v. SCHWARTZ et al.

(Supreme Court, Appellate Term. November 24, 1908.)

1. LANDLORD AND TENANT (§ 149*)—PREMISES—WATER RENTS.
   The extent of a lessee's liability on a covenant to pay his pro rata share of water rents assessed on the premises during the term must be computed by the means at hand, unless he puts in a meter.
   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 149.*]

2. EVIDENCE (§ 441*)—PAROL EVIDENCE AFFECTING WRITINGS.
   Evidence of a parol agreement, contemporaneous with a written lease, that the lessor would not enforce a covenant as to water rents assessed upon the premises, if the lessee signed the lease and paid the rent, is inadmissible.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2037; Dec. Dig. § 441.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Philip Goerlitz and another against Nathan T. Schwartz and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ralph Barnett, for appellants.

Charles A. Strauss, for respondents.

PER CURIAM. Two causes of action are pleaded: (1) That under a lease to them in 1904 of the ninth loft of 10 Waverly Place, the defendants stipulated to pay on the 1st day of August, 1904, the regular water tax amounting to $10, and made a like stipulation in a renewal of the lease, together amounting to $20; (2) that under a lease and a renewal thereof for the same premises for the years from February 1, 1906, to February 1, 1908, the defendants stipulated promptly to pay a pro rata share of all Croton water rent which might be assessed during the said term upon the building.

There was little opposition to the prima facie proof of the first cause of action. As to the second, the defendants objected to the manner of computing their proportionate share, contending they were liable only for the water actually used by them, and that thereof there was no proof. But the language of the covenant indicates that the share of their loft was to be proportionate to those of all the lofts. They undertook their share, and it needs be computed by the means at hand, unless they put in, as they might under the regulations of the water department, a meter for themselves and procured a change of the lease. They knew the only means of arriving at their indebtedness, and accepted it.

Another and almost novel defense, and whereof the learned trial justice excluded all evidence, was an alleged contemporaneous oral agreement nullifying in part the written lease, and whereby, according to the defendants, the plaintiffs agreed not to enforce the covenants as to water rents if the defendants signed the lease and paid the rent. Of these alleged agreements the learned trial justice rightly excluded all testimony, because not within the rule that parol evidence is admissible to show a written paper, in form a complete contract, is not to become binding until the performance of some condition precedent resting in parol. Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127.

Judgment affirmed, with costs.