ARTHUR E. GRANNIS, Appellant, *v.* JOHN STEVENS et al., Respondents.

Bills, notes and checks — effect of delivery of promissory note — when evidence that delivery is conditional may be received — facts examined and held that note in question was delivered as and for a complete and binding contract, but agreement as to payment of interest was usurious.

1. The manual transfer of an instrument, in form a complete contract, does not bar parol evidence that it is not to become binding until the happening of some condition precedent resting in parol, or that the transfer is for a special purpose. It is a question of fact whether any written agreement, though in the possession of

the obligee, has been delivered by the obligor as a binding agree-ment, or whether any delivery that has been made is conditional only.

2. Act and intention are the essential constituents of a delivery which makes the instrument operative according to its terms. The final question is, did the obligor do such act in reference to it as evidences an intention to give it, in the possession or control of the obligee, effect and operation according to its terms. Whenever there has been a delivery of the instrument for the purpose of giving it such effect, it becomes a present and completed contract and parol evidence cannot be given to contradict, vary or modify its terms.

3. On examination of the facts, *held,* that in the present case there was a full consideration of the note in suit, the plaintiff held it for value, the defendants knew that a loan was made because of and in reliance upon it, and its delivery and their obligation and liability as expressed by its terms. The facts permitted the one conclusion that the writing was delivered as a present and complete contract.

4. Applying the rule that if the court can see that the real trans-action was the loan or forbearance of money at usurious interest, its plain and imperative duty is to so declare and hold a security therefor void. *Held,* that the character of the agreement relating to the loan of the money secured by the note in suit involving the employment of plaintiff at a salary which he did nothing to earn permitted the trial court to decide that it was a device to conceal usury. (*Higgins* v. *Ridgway,* 153 N. Y. 130, distinguished.)

*Grannis* v. *Stevens,* 157 App. Div. 561, affirmed.

(Argued December 7, 1915; decided January 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 30, 1913, affirming a judgment in favor of defendants entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Marshall Bullitt* for appellant. The note sued on was neither usurious nor tainted with usury. (*Thurston* v. *Cornell,* 38 N. Y. 281; *Gilbert* v. *Warren,* 56 App. Div. 289; *Clarke* v. *Sheehan,* 47 N. Y. 188;

*Hall* v. *Daggett,* 6 Cow. 653; *Griffin* v. *N. Y. Oil Co.,* 11 N. J. Eq. 49; *Orvis* v. *Curtiss,* 157 N. Y. 657; *Archibald* v. *Thomas,* 3 Cow. 284; *Lorillard* v. *Clyde,* 86 N. Y. 384; *Hobbs* v. *McLean,* 117 U. S. 567; *United States* v. *Central Pac. R. R. Co.,* 118 U. S. 235; *Wiggins Ferry Co.* v. *Chicago, etc., R. R. Co.,* 128 Mo. 224.)

*Henry G. Gray* for respondents. There was no consideration for the note and it was understood that the defendants were not to be liable. (*Higgins* v. *Ridgway,* 153 N. Y. 130; *Garfield Nat. Bank* v. *Colwell,* 57 Hun, 169; *Persons* v. *Hawkins,* 41 App. Div. 171; *Niblock* v. *Sprague,* 200 N. Y. 390; *Williams* v. *F. Nat. Bank,* 45 App. Div. 239; 167 N. Y. 594; *Simmons* v. *Thompson,* 29 App. Div. 559; *Baird* v. *Baird,* 145 N. Y. 659; *Blewitt* v. *Boorum,* 142 N. Y. 357; *Smith* v. *Dotterweich,* 200 N. Y. 299; Joyce & Joyce on Defenses to Commercial Paper, § 337.) Even if the note in suit be deemed collateral security it cannot be enforced, because it would be collateral security to a usurious loan. (*Bell* v. *Lent,* 24 Wend. 230; *K. L. Ins. Co.* v. *Nelson,* 7 Abb. [N. C.] 170; *Van Haus* v. *Soule,* 146 App. Div. 734; *Orvis* v. *Curtiss,* 157 N. Y. 657; *Mudgett* v. *Goler,* 18 Hun, 302; *Guenther* v. *Amsden,* 16 App. Div. 607; 162 N. Y. 601.)

COLLIN, J. The action is upon a promissory note made by the defendants, payable to the order of the plaintiff. Upon the trial, at the close of the evidence, each party moved for the direction of a verdict in his favor. The court directed a verdict for the defendants. The Appellate Division affirmed, by a divided court, the judgment entered thereon.

Two defenses were and are urged. The one, that the evidence did not prove that the writing was delivered to the plaintiff as and for a promissory note: the other,

that the evidence did prove that it was void because usurious.

The evidence relating to the first defense is free from contradiction. It proved that at the date and making of the note the plaintiff, who had been suspended from the Stock Exchange, loaned to W. L. Stevens, the brother of the defendants, and a member of a firm of stockbrokers, the amount for which the note was made. The attorney for the brother, in the presence of the plaintiff, stated to the defendants that for expressed reasons the defendants should give their note to the plaintiff, and the brother give them his note in the same amount and terms, and that "this is just a matter of form, and it is just to get away from the Stock Exchange ruling, because the firm (of the brother) might be suspended if Mr. Grannis was connected with the firm. * * * In case the Stock Exchange authorities made an investigation it would be better for it to appear that he (the brother) borrowed it from you boys, and so will you sign this note, and exchange notes to him. Here is this note payable to Mr. Grannis, and you take your brother's note payable to you." The brother also, in the presence of the plaintiff, asked the defendants "if they would mind going on this note for" him, and said to them: "This is a matter of form, and I don't want you in any way to feel yourself liable; I am borrowing the money, and not you." The defendants knew the note in suit had to be signed by them before the loan would be made. The defendant Bayard testified: "I knew what the agreement was at the time when I gave this note to Mr. Grannis; I knew that he was going to loan $60,000. My brother got the $60,000." They left it in the possession of the attorney for the brother for delivery to the plaintiff. The attorney held the possession of it for several months when, in default of an expected payment, and before its maturity, he made the delivery.

There was the actual transfer to the plaintiff of the possession of the instrument, that is, there was the deliv-

ery of it.  (Negotiable Instruments Law [Cons. Laws, ch. 38], § 2.)  The statute provides: "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto.  As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument.  But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."  (Section 35.)

The manual transfer of an instrument, in form a complete contract, does not, however, bar parol evidence that it is not to become binding until the happening of some condition precedent resting in parol, or that the transfer is for a special purpose.  (*Reynolds* v. *Robinson*, 110 N. Y. 654; *Higgins* v. *Ridgway*, 153 N. Y. 130; *Burke* v. *Dulaney*, 153 U. S. 228; *Niblock* v. *Sprague*, 200 N. Y. 390.)  It is a question of fact whether any written agreement, though in possession of the obligee, has been delivered by the obligor as a binding agreement, or whether any delivery that has been made is conditional only.  (*Elastic Tip Co.* v. *Graham*, 185 Mass. 597; *Benton* v. *Martin*, 52 N. Y. 570; *Eastman* v. *Shaw*, 65 N. Y. 522; *Bookstaver* v. *Jayne*, 60 N. Y. 146; *Grierson* v. *Mason*, 60 N. Y. 394; *Megowan* v. *Peterson*, 173 N. Y. 1; *Juilliard* v. *Chaffee*, 92 N. Y. 529.)  Act and intention are the essential constituents of a delivery which makes the instrument operative according to its terms.  The

final question is, did the obligor do such act in reference to it as evidences an intention to give it, in the possession or control of the obligee, effect and operation according to its terms. Whenever there has been a delivery of the instrument for the purpose of giving it such effect, it becomes a present and completed contract, and parol evidence cannot be given to contradict, vary or modify its terms. (*Jamestown Business College Assn.* v. *Allen*, 172 N. Y. 291; *Wooley* v. *Cobb*, 165 Mass. 503; *Currier* v. *Hale*, 8 Allen, 47; *Tower* v. *Richardson*, 6 Allen, 351; *Brown* v. *Wiley*, 20 How. [U. S.] 442; *Thomas* v. *Scutt*, 127 N. Y. 133.)

The delivery here was under the authority of the defendants. They knew they were "to exchange notes to" their brother, or, in other words, they were to give for him their note to the plaintiff and he was to give them his note of like amount and terms; and such was the transaction. The evidence does not permit a contradicting conclusion. The purposes of the delivery were to evidence and secure the payment of the loan, and induce the representatives of the Stock Exchange to conclude that the loan was made to the defendants and not to the brother's firm, in case it should investigate the matter. Inasmuch as there was a valuable consideration, in the loan, for the promise of the defendants, the fact that they were accommodation parties does not relieve them from liability. (Negotiable Instruments Law, § 55.) The evidence does not tend to prove that the delivery of the promise of the defendants was to remain effectless until and unless something was thereafter done or said or happened. Nor was the delivery "for a special purpose only, and not for the purpose of transferring the property in the instrument." The defendants made the instrument as and for their promissory note and for delivery to the plaintiff as such. They intended that the loan should be made upon the security of it and that "the property in the instrument" should be transferred to the

plaintiff. The facts that their brother or his attorney said to them, in the presence of the plaintiff, when they made it that "this is a matter of form and I don't want you in any way to feel yourself liable; I am borrowing this money and not you," or similar statements, did not affect the delivery. The respondents assert that such conclusion is repugnant to our decision in *Higgins* v. *Ridgway* (153 N. Y. 130, 134). It is not. In the *Higgins* case the transaction was between the president of the indorsee bank, of which the plaintiff was the receiver, acting for it, and the clerk of a firm, the leading member of which was a director of the bank and which had extensive dealings with the bank. The transaction between them was: the clerk made, in form, his promissory note payable to his order for $14,250, indorsed and delivered it to the president. Theretofore, he told the president, while soliciting him to make the note, that he was financially irresponsible, that he did not want to make, and could not pay, the note for any purpose. The president said to him as the note was delivered: "You take no risk on it; you are not held on the note; you assume no obligation on that note." The note was wholly without consideration. We said that the delivery itself was "conditional and was for the accommodation and to serve some particular purpose of the bank. Therefore, as there was no consideration for the note, and as the bank could not be regarded as a *bona fide* holder, we are of the opinion that the plaintiff's exceptions to the refusal of the court to direct a verdict for the plaintiff, and to the charge of the court, were invalid." In the present case there was a full consideration for the note, the plaintiff held it for value, the defendants knew that the loan was made because of and in reliance upon it, and its delivery and their obligation and liability as expressed by its terms. The trial court could not, upon the facts submitted to it through the motions for the direction of a verdict,

decide that the delivery was conditional. The facts permitted the one conclusion that the writing was delivered as a present and complete contract.

There was evidence that the loan was usurious. About eleven months before it was made and during plaintiff's suspension from the Stock Exchange, a memorandum in writing was delivered between the plaintiff and the brother of the defendants, which. provided, *inter alia*, that if plaintiff was not reinstated in the Stock Exchange within the two months next following he would sell his membership "and lend the proceeds thereof to Mr. Stevens, to be employed in his stock exchange business on terms to be later agreed upon, which will return Mr. Grannis not less than $10,000 a year." The moneys loaned were avails of the sale there provided for. The note was "with interest at 6% per annum." About a week or ten days after the loan was made, the brother and the plaintiff entered into an agreement in writing which provided that the plaintiff should be employed by the former and be paid $533 each month. Such sum was "to make up the balance" of $10,000 per annum, unpaid by the interest at six per centum per annum upon the amount of the note. The brother agreed with the plaintiff that his compensation should vary, dependent upon the amount of business he brought in. The plaintiff did not render any substantial service as an employee to the brother or his firm. The brother testified, without contradiction, that he agreed to pay the plaintiff $10,000 a year for the use of his money in the firm, for the $60,000 he had in as capital; that plaintiff was supposed to draw at the rate of $833.33 each month, or $10,000 a year, and that the agreement to pay him $533 a month grew out of his having loaned the money. The plaintiff was paid for a period of six or seven months following upon the loan, pursuant to the agreements. Those facts permitted the trial court to decide that when the note was given the agreement

between the borrower and lender was that there should be taken for the loan of the money interest at a rate exceeding six dollars upon one hundred dollars for one year and that the note was, therefore, void. (General Business Law [Cons. Laws, ch. 20], §§ 370-373.) A transaction of the character of the agreement of employment between the brother and the plaintiff may be a mere device or subterfuge to conceal usury and be assailed as and found to be such. If the court can see that the real transaction was the loan or forbearance of money at usurious interest, its plain and imperative duty is to so declare and hold the security void. (*Meaker* v. *Fiero,* 145 N. Y. 165; *Knickerbocker Life Ins. Co.* v. *Nelson,* 7 Abb. [N. C.] 170; *Denyse* v. *Crawford,* 18 N. J. L. 325.) This conclusion does not conflict with the established principle that the presumption is against the taking of usury, which must be established by clear evidence as to all the elements essential thereto. (*Rosenstein* v. *Fox,* 150 N. Y. 354.)

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, HOGAN, SEABURY and POUND, JJ., concur; HISCOCK, J., votes for reversal.

Judgment affirmed.