GEORGE SALTZMAN, Appellant, *v.* HARRY BARSON et al., Copartners under the Firm Name of BARSON & BISHOP, Respondents.

Contract — evidence — when cannot be said as matter of law that writing does not constitute a contract — erroneous exclusion of evidence tending to show condition attached to delivery of writing, that other subjects were reserved for future consideration and that contract was not to exist until whole agreement was embodied in new writing.

1. Where, in an action for breach of contract, a writing was introduced in evidence whereby mutual obligations were imposed upon plaintiff and defendants with reasonable clarity, the period of duration was fixed, the subject-matter was limited, specific provisions for the price and terms of payment were made, and. the parties have authenticated the document by their signatures and have done this

in fulfillment of an assurance that if the plaintiff would call on the defendants a contract would be signed, and, in their answer, the defendants do not deny that some agreement was made and, though they controvert the existence of the one stated in the complaint, admit that plaintiff and defendants entered into an agreement, and there are letters following the writing which suggest the defendants' belief that a contract had been completed, it cannot be said as matter of law that the transaction had stopped short in its preliminary stages and that there is here, not a contract, but only the indefinite and fragmentary memorandum of a contract to be made hereafter.

2. It was error, however, for the trial court to preclude the defendants from showing forth the transaction in all its length and breadth. Evidence was admissible that, by force of a condition attached to the delivery, the writing was not to come into being as a contract except upon the making of a stipulated loan. Also that other subjects affecting the relation between the parties were reserved for future consideration and that a contract was not to exist until there had been drawn a new document embodying the whole agreement.

*Saltzman* v. *Barson*, 210 App. Div. 84, modified.

(Argued December 18, 1924; decided January 21, 1925.)

APPEAL from a judgment, entered July 17, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Abraham Rickman* and *Max Silverstein* for appellant. There was an agreement between the parties in writing containing all the essentials of a contract. The exclusion of oral testimony was proper. The direction of a verdict was proper, and the determination of the Appellate Division that there was no contract but merely a memorandum of prices preliminary to the making of a contract, is erroneous. (*Moran* v. *Standard Oil Co.,* 211 N. Y. 187; *Wood* v. *Duff-Gordon,* 222 N. Y. 88.)

*Cecil B. Ruskay* and *Bertram Boardman* for respondents. The writing upon which the plaintiff relies contains no agreement — as to time — and is so indefinite in its terms that it cannot be enforced. (*Sun P. & P. Assn.*

v. *Remington P. & P. Co.*, 235 N. Y. 338; *Mayer* v. *McCreery*, 119 N. Y. 434; *Petze* v. *Morse Dry Dock & Repair Co.*, 125 App. Div. 267; *St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, 235 N. Y. 30; *Brown* v. *N. Y. Central R. R. Co.*, 44 N. Y. 179; *Clark Paper & Mfg. Co.* v. *Stenacher*, 236 N. Y. 312.) The writing upon which the plaintiff relies is void for want of mutuality of agreement. (*Sun P. & P. Assn.* v. *Remington P. & P. Co.*, 235 N. Y. 346; *Howie* v. *Kasnowitz*, 83 App. Div. 295; *United Press* v. *N. Y. Press Co.*, 164 N. Y. 406; *Jackson* v. *Alpha P. C. Co.*, 122 App. Div. 345; *Commercial W. & C. Co.* v. *Northampton P. C. Co.*, 115 App. Div. 388; *Collins* v. *American News Co.*, 34 Misc. Rep. 260; *Varney* v. *Ditmars*, 217 N. Y. 223.) The alleged contract is nothing more than a price list. (*Zeltner* v. *Irwin*, 25 App. Div. 228; *Schenectady Store Co.* v. *Holbrook*, 101 N. Y. 45.)

CARDOZO, J. Plaintiff sues for breach of contract, alleging that the defendants undertook for a term of six months to manufacture his material into shirts and blouses for a stated compensation. The defendants admit that there were treaties between the parties looking toward the formation of a contract in the future, but deny that there was more. They say, too, that any promises they made were conditioned upon performance by the plaintiff of a promise on his part to loan them $2,000 in order to enable them to install a plant and set themselves up in business. The trial judge ruled that one of the documents in evidence was as matter of law a contract, and excluded all conversations at the time of the signing or before, though admitting those that followed. He thus held for the plaintiff, except that he left to the jury the assessment of the damages. The Appellate Division ruled that as a matter of law there was no contract, and dismissed the complaint. The plaintiff now appeals.

We think enough was proved to justify a finding that treaty and discussion had ripened into contract. The plaintiff was a dealer in shirts and blouses. The defendants held themselves out as able, either then or presently thereafter, to make up the completed garments if supplied with the material. The correspondence starts with a letter of July 2, 1919, in which the plaintiff is informed that the defendants make all grades of shirts, and that if the plaintiff's representative will call they will be pleased to show him samples and make all necessary arrangements. This is followed by their letter of July 11, 1919, in which they state that they have discussed prices with the plaintiff's father, and " have come to an understanding." They then incorporate a list of prices which they say are the prices decided on at the conference. They end by asking the plaintiff, if he finds the conditions satisfactory, to come to them at once. On his coming, they " will sign a contract," and " be ready to start work " for him " at the end of this month." Plaintiff came to the defendants in response to this request, and the result was the preparation of the writing put before us as a contract. It is dated July 14, 1919. It begins by repeating the list of prices offered in the letter. Having thus confirmed the schedule, it states these new provisions: "All prices are made for a period of six (6) months, week commencing Aug. 1, 1919, and terminating week ending Feb. 1, 1920, after which time they will be subject to change. It is understood that not less than 300 doz. per week should be sent in by either party. It is understood that we pay freight only on the work sent out from here, namely, Lehighton or Mauch Chunk. No extra charge for button holes in facing sleeves. Plain sleeves less .12 per doz. Bills must be paid upon receipt of B /L." The writing is subscribed both by plaintiff and by defendants.

We cannot say as matter of law that there is here, not a contract, but only the indefinite and fragmentary

memorandum of a contract to be made thereafter (*Ellis v. Miller*, 164 N. Y. 434, 438). Mutual obligations are imposed and that with reasonable clarity. The period of duration is fixed; it is to be not less than six months. The subject-matter is limited; each party undertakes to supply 300 dozen per week, the one, the material, the other, the labor, for this is the fair meaning in view of their known occupations. Even more specific are the provisions for the price and the terms of payment. To confirm the impression of finality, the parties have authenticated the document by their signatures, and have done this in fulfillment of an assurance that if the plaintiff will call on the defendants, " a contract " will be signed. To this we must add the admissions of the pleadings. The defendants do not deny that some agreement was made, though they controvert the existence of the one stated in the complaint. There is an admission in their answer that " plaintiff and defendants entered into an agreement for the manufacture of shirts from material to be furnished by the plaintiff, and in accordance with certain specifications." There are also letters following the memorandum of July 14, which suggest the defendants' belief that a contract had been completed and indicate preparations on their part to go forward with performance. In the light of all this, we cannot say as matter of law that the transaction had stopped short in its preliminary stages.

If there was error in the ruling of the Appellate Division that the complaint should be dismissed, there was error also in the ruling of the trial judge whereby the defendants were precluded from showing forth the transaction in all its length and breadth. The defendants say that in July, 1919, they were still without a plant and that their situation was known to the plaintiff, though this he denies. They contend, and tried to prove, that the writing was delivered upon a condition whereby it was to have no existence as a contract unless or until the

plaintiff made a loan of $2,000 to supply them with factory and machinery. They contend also, and tried to prove, that by a further condition the writing was to be ineffective until embodied in a formal contract which was to embrace the terms set down and others. The questions and offers of proof were not as precise as they might well have been, but they were sufficient to make the defendants' position reasonably apparent. Upon the new trial which is necessary, evidence will be admissible that by force of a condition attached to the delivery the writing was not to come into being as a contract except upon the making of the stipulated loan (*Grannis v. Stevens*, 216 N. Y. 583; *Higgins v. Ridgway*, 153 N. Y. 130). The distinction will, of course, be heeded between a conditional delivery and a condition or a promise modifying the obligations of an operative contract (*Title Guarantee & Trust Co. v. Pam*, 232 N. Y. 441, 450). Evidence will also be admissible that other subjects affecting the relation between the parties were reserved for future consideration, and that a contract was not to exist until there had been drawn a new document embodying the whole agreement. If we view the writing by itself, " the inference of finality is not so certain as to bar out all inquiry in respect of the purpose of the parties " (*Di Menna v. Cooper & Evans Co.*, 220 N. Y. 391, 397; Wigmore, Evidence, §§ 2429, 2430; Williston on Contracts, § 28).

The judgment of the Appellate Division in so far as it dismisses the complaint should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; McLAUGHLIN, J., absent.

Judgment accordingly.