Per Curiam.

After trial before the court without a jury, the trial court directed judgment in plaintiff’s favor for $1,750 as plaintiff’s loss of profit on an alteration contract plaintiff claims defendant made and breached.
Plaintiff, the contractor, drew the document in question in which there were blanks regarding both initial payments and payments as the work progressed. Plaintiff’s president testified that nothing was said about financing until the document had been signed; on rebuttal, however, in answer to the court’s inquiry, the same witness stated that the blanks were left in the contract “ because I wanted to give him [defendant] a chance to raise the balance of the money for the job * * This vital admission tended to destroy plaintiff’s prior testimony and, considered with the uncontested fact that plaintiff did make efforts to secure financing for defendant, it also tended to support defendant’s testimony as to how the document came to be signed. Such testimony was properly admitted as the condition did not contradict the writing (Saltzman v. Barson, 239 N. Y. 332, 337; Restatements, Contracts, § 241).
As to the claimed loss of profits, the trial court did not accept as true plaintiff’s testimony that the profit would have been $3,200, almost 40% of the total amount involved. But we find no basis in the record for the court’s finding of $1,750 as plaintiff’s loss of profit.
On the merits this judgment stands upon the inconsistent and contradictory testimony of plaintiff’s main witness and, while we are convinced the judgment in plaintiff’s favor should be reversed, we think we should not dismiss but should order a new trial.
The judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.
Peck, P. J., Doee, Cohn, Van Vooehis and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.