In a proceeding to direct that arbitration proceed in accordance with an alleged contract, a cross petition was interposed to dismiss the petition or, in the alternative, to stay arbitration pending a trial of the issue of whether the alleged contract is enforcible. The appeal is from an order directing that arbitration proceed. Order reversed, with $10 costs and disbursements; cross petition granted to the extent of staying arbitration pending trial and determination of the issue of the enforci-bility of the alleged contract; arbitration stayed accordingly, and matter remitted to the Special Term for further proceedings not inconsistent with this determination. It is alleged in the cross petition that the parties intended the contract in question to be but a sham and made for the sole purpose of influencing a third party to purchase appellant’s interest in a certain corporation. Assuming arguendo that the contract is a sham, as claimed, the authorities are in conflict as to whether it would be enforcible (see 6 Williston on Contracts [rev. ed.], p. 4915; 9 Wigmore on Evidence [3d ed.], §2406). Bernstein v. Kritzer (253 N. Y. 410) and Grierson v. Mason (60 N. Y. 394) held that such contracts are unenforeible between the parties thereto. (Cf. Higgins v. Ridgway, 153 N. Y. 130; Manufacturers Trust Co. v. Grossman, 247 App. Div. 199, affd. 272 N. Y. 471; County Trust Co. v. Mara, 242 App. Div. 206, affd. 266 N. Y. 540; Grannis v. Stevens, 216 N. Y. 583.) The factual questions concerning the enforcibility of the contract here in question cannot be determined upon the conflicting allegations and averments in the papers contained in the record (Civ. Prac. Act, § 1450).
Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.