RALPH F. PEO, Doing Business as SOUTH PARK LINCOLN-MERCURY SALES, Respondent, *v.* PAUL J. KENNEDY, Appellant.

Fourth Department, May 10, 1962.

*Phillips, Mahoney, Lytle, Yorkey & Letchworth* (*Charles Ryan Desmond* of counsel, *David K. Floyd* with him on the brief), for respondent.

*Honan, Kane & McLoughlin* (*James J. McLoughlin* of counsel), for appellant.

*Per Curiam.* Summary judgment was granted plaintiff, assignee of the alleged seller of an automobile to defendant under a conditional sales contract. The complaint alleges a conventional action for a balance due upon the contract. The original transaction was between defendant, an automobile salesman, and his employer, a dealer. The answer sets up as an affirmative defense an oral agreement between defendant and his employer which, in substance, relieved defendant from any balance due upon the automobile if he were to leave his employment, and further that the employer, upon the return of the car to him, would assume liability for any balance then outstanding. Defendant alleges that he left the employ of the dealer and later learned that his employer intended to repudiate its agreement. Summary judgment was rendered on the theory that to permit the oral agreement to be shown would violate the parol evidence rule and that all of the prior negotiations between the parties were merged in the written contract.

There are certain exceptions to this general rule of evidence. One permits parol evidence where the circumstances purport

to show that the written instrument is in fact no contract at all (see Richardson, Evidence [8th ed., 1955], §§ 583–584, 586). Another exception admits such evidence where the written instrument is obviously incomplete on its face and where the parol evidence is consistent with and not contradictory to the written instrument (*Jamestown Business Coll. Assn.* v. *Allen,* 172 N. Y. 291; *Thomas* v. *Scutt,* 127 N. Y. 133). The answer and defendant's affidavit assert facts which may well bring this case within the above first exception. A recent decision of the Court of Appeals, *Hicks* v. *Bush* (10 N Y 2d 488) controls this appeal. The court there reaffirmed its earlier decisions enunciating the principle that if the oral evidence embraced a condition which established that the written contract was not to operate as a binding agreement until a condition precedent was satisfied, then such evidence would be admissible. "Parol testimony is admissible to prove a condition precedent to the legal effectiveness of a written agreement (see *Saltzman* v. *Barson,* 239 N. Y. 332, 337; *Grannis* v. *Stevens,* 216 N. Y. 583, 587; *Reynolds* v. *Robinson,* 110 N. Y. 654; see, also, 4 Williston, Contracts [3d ed., 1961], § 634, p. 1021; 3 Corbin, Contracts [1960 ed.], § 589, p. 530 *et seq.*), if the condition does not contradict the express terms of such written agreement. (See *Fadex Foreign Trading Corp.* v. *Crown Steel Corp.,* 297 N. Y. 903, affg. 272 App. Div. 273, 274–276; see, also, Restatement, Contracts, § 241.)" (*Hicks* v. *Bush, supra,* p. 491.)

The appellant has raised an issue of fact as to whether he would have ever consented to the written contract except upon the employer's representation that if defendant left his employment, the car could be returned and he would be relieved of any further obligation. The relationship of the parties, that of employer and employee, is significant and lends credence to the appellant's claim that there was such an oral understanding. The testimony of the appellant may well prove that what appears to be a written obligation is none at all because of the fraud or possible improper advantage taken by the employer. Whether the appellant can successfully establish his defense at trial we do not reach at this posture of the action. The record before us presents issues which cannot be determined without a trial (*Falk* v. *Goodman,* 7 N Y 2d 87, 91; *Stone* v. *Goodson,* 8 N Y 2d 8, 12).

WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ., concur.

Judgment and order unanimously reversed, with costs and motion for summary judgment denied, with $10 costs.