■ SEVERIN R. RODIN, Doing Business as PAN AMERICAN SUPPLY COMPANY, Respondent, v. UNIVERSAL BUTTON COMPANY, Appellant.— In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Queens County, entered August 24, 1962, as granted plaintiff's motion for summary judgment (Rules Civ. Prac., rule 113) and directed an assessment of damages (see 35 Misc 2d 821). Order, insofar as appealed from, reversed, with $10 costs and disbursements, and motion for summary judgment denied. In our opinion, the record presents triable issues of fact which should not have been summarily decided on motion. Plaintiff's cause of action is based on defendant's repudiation of its written purchase order for certain "forming" and sewing machines. Defendant's third affirmative defense, fairly construed, is that said purchase order was delivered for a special purpose and not as a binding agreement. This defense presents an issue of fact

(*Grannis* v. *Stevens*, 216 N. Y. 583, 587; *Grierson* v. *Mason*, 60 N. Y. 394, 397; *People* v. *Kennedy*, 16 A D 2d 306, 307–308), which is neither sham nor frivolous (see *Sprung* v. *Jaffe*, 3 N Y 2d 539, 543). Summary judgment, therefore, may not be granted (*Falk* v. *Goodman*, 7 N Y 2d 87, 91; *Stone* v. *Goodson*, 8 N Y 2d 8, 12). Nor should the question of credibility be determined upon a motion for summary judgment (*Di Donna* v. *Sachs*, 9 A D 2d 576). Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.