The Meadow Brook National Bank, Appellant, *v.* Albert A. Bzura, Respondent.

First Department, February 20, 1964.

*Herbert J. Deitz* of counsel (*Myron J. Wiess* and *Richard B. Teiman* with him on the brief; *Cole, Friedman & Deitz,* attorneys), for appellant.

*Isaac Kaplan* for respondent.

Breitel, J. The question on this appeal is whether defendant, an individual guarantor of corporate obligations, may interpose as a defense on the guarantee an alleged oral agreement that the guarantee would not become effective until two others should guarantee the corporate obligations as primary guarantors. Plaintiff bank, the holder of the notes and the one in whose favor the guarantee ran, denies the fact of the oral agreement on this motion for summary judgment but, in addition, asserts that the oral agreement is not provable as a matter of law because contradictory of the express provisions of the written guarantee simultaneously executed and delivered by the guarantor. It thus seeks to avoid the exception to the parol evidence rule which does not bar proof of an oral condition precedent to the becoming effective of an integrated written agreement.

Special Term denied summary judgment on the ground that the alleged oral agreement to obtain a primary guarantee from others as a condition precedent raised a triable issue of fact. The order should be reversed and plaintiff bank granted partial summary judgment (CPLR 3212, formerly Rules Civ. Prac., rule 113). The oral agreement was not provable because contradictory of the express terms of the guarantee.

Defendant guarantor was an officer and stockholder of the Bzura Chemical Company, Inc. which bears his name. On August 10, 1961 the bank arranged a line of credit for the company which eventually was to result in credits of $800,000, $400,000, $154,000, $50,000 and $200,000, on account of which there remains now due $1,339,830. Promissory notes were given for each of these loans. Only the first two credits were extended on August 10, 1961, the same day on which, at the office of the bank's lawyers, defendant guarantor executed and delivered a long-form bank guarantee of the company's proposed borrowings. This is the guarantee in suit.

The guarantee provided that the guarantor " unconditionally guarantees to the Bank " the payment of indebtedness incurred by the company. It also provided that the bank had " full power, without notice to the Guarantor or to the Borrower " to modify the liabilities or collateral arrangements or " the obligations of any one or more of the Guarantors ". It continued, that in the event of nonpayment of the principal the bank could recover against the guarantor as if the amount " constituted the direct and primary obligation of the Guarantor ". It was also provided that any guarantor could terminate his guarantee on written notice to the bank with respect to future credits only. The guarantee was subscribed by defendant Albert A. Bzura and one Hyman Bzura, who is not a party to this action.

Defendant guarantor avers that he signed the guarantee only after he was promised by the bank officer, at the office of the lawyers for the bank, that the guarantee would not become effective unless and until a primary guarantee was first obtained from two directors of the chemical company who represented investment banking interests then involved with the management of the company. Upon obtaining the alleged oral promise he says he executed the guarantee. It is undisputed that the bank officer, after the signing of the guarantee, telephoned the bank to release credits of $1,200,000 in favor of the company. But, defendant guarantor says, his guarantee never became effective because the promise was never fulfilled and the obligation of the proposed primary guarantors never obtained.

Defendant guarantor also claims that he sent a written notice of termination of his obligation as guarantor on February 12, 1962 thus discharging him of any obligation for credits extended after that date. This would apply to the last two credits of $50,000 and $200,000. While the bank denies ever receiving such notice, it does not contest that the averment creates a triable issue of fact.

Apart from the possible commercial incredibility of the alleged oral agreement as establishing a condition precedent to the written guarantee, it is not provable as a matter of law. While generally an integrated written agreement may be shown not to have taken effect because of an oral condition precedent, this being an exception to the parol evidence rule, the exception does not apply where the oral condition precedent would contradict the express terms of the writing. The Restatement sets forth the rule, that is, the exception to the parol evidence rule: " Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith." (Restatement, Contracts, § 241; see Illustration 1.) Defendant guarantor would ignore the proviso in the last clause. This he may not do.

The Restatement expresses the law of New York. In *Hicks v. Bush* (10 N Y 2d 488, 491) Judge FULD, on behalf of the Court of Appeals said: " The applicable law is clear, the relevant principles settled. Parol testimony is admissible to prove a condition precedent to the legal effectiveness of a written agreement (see *Saltzman* v. *Barson*, 239 N. Y. 332, 337; *Grannis* v. *Stevens*, 216 N. Y. 583, 587; *Reynolds* v. *Robinson*, 110 N. Y. 654; see, also, 4 Williston, Contracts [3d ed., 1961], § 634, p. 1021; 3 Corbin, Contracts [1960 ed.], § 589, p. 530 *et seq.*), if the condition does not contradict the express terms of such written agreement. (See *Fadex Foreign Trading Corp.* v. *Crown Steel Corp.*, 297 N. Y. 903, affg. 272 App. Div. 273, 274–276; see, also, Restatement, Contracts, § 241.) A certain disparity is inevitable, of course, whenever a written promise is, by oral agreement of the parties, made conditional upon an event not expressed in the writing. Quite obviously, though, the parol evidence rule does not bar proof of every orally established condition precedent, but only of those which in a real sense contradict the terms of the written agreement. (See, e.g., Illustration to Restatement, Contracts, § 241.) Upon the present

appeal, our problem is to determine whether there is such a contradiction.''

For an earlier express acceptance of the Restatement section with its proviso as descriptive of the law see *Fadex Foreign Trading Corp.* v. *Crown Steel Corp.* (272 App. Div. 273, affd. 297 N. Y. 903) in which the then Mr. Justice, now Judge, VAN VOORHIS, then sitting in this court, applied the rule in granting summary judgment to a buyer and in striking down a defense of oral condition precedent asserted by the seller in contradiction of the express terms of a written agreement.

The alleged oral condition precedent asserted in this case is contradictory of three terms, at least, of the written guarantee. It contradicts the description of the guarantor's obligation as unconditional. It contradicts the provision of the guarantee empowering the bank to alter or cancel without notice the obligation of any other guarantor of the company's obligations. It also contradicts the provision that the guarantor's liability would be as if a primary one in the event of default by the principal. Consequently, the oral condition precedent is not provable as a matter of law. On this analysis it is not necessary to reach the bank's cogent contention that the guarantor's assertions are sham for sheer incredibility, namely, that the parties, in a lawyer's office, executing detailed documents would permit a most critical condition to rest in oral exchange alone, and that the bank, without any individual's guarantee would release $1,200,000 of credit then and there.

Accordingly, the order denying plaintiff bank's motion for summary judgment on the second cause of action of the amended complaint should be reversed, on the law, and partial summary judgment should be granted to plaintiff bank against defendant guarantor for the balance due on the credits extended prior to February 12, 1962, with interest as may be appropriate, with costs of the appeal to plaintiff against defendant, and that the action be severed as to the remaining claims. Settle order.

BOTEIN, P. J., RABIN, MCNALLY and EAGER, JJ., concur.

Order, entered on September 12, 1963, denying plaintiff bank's motion for summary judgment on the second cause of action of the amended complaint, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and partial summary judgment granted to plaintiff bank against defendant guarantor for the balance due on the credits extended prior to February 12, 1962, with interest as may be appropriate, and the action severed as to the remaining claims. Settle order on notice.