■ ANTHONY SPINA, Respondent v. GREGORY D. FERENTINO, Appellant.— Order entered October 3, 1967 unanimously reversed and motion for summary judgment denied, with $50 costs and disbursements to appellant. Appeal from order entered February 29, 1968 dismissed as academic, without costs. Memorandum: Plaintiff has been granted summary judgment for a substantial sum as recovery for an alleged breach of a contract. The parties to the action were former copartners. The writing provided that the plaintiff resigned from the partnership and defendant agreed to pay him a stated sum for his interest in the venture. Defendant by his answer and by supporting proof submitted in opposition to plaintiff's motion for summary relief alleged that the contract had been delivered in escrow and was conditioned on defendant obtaining adequate bank financing to pay plaintiff and for additional working capital. The contract was silent on these subjects. Such proof did not contradict the terms of the writing and a triable factual issue is presented. " In a sense any oral provision which would prevent the ripening of the obligations of a writing is inconsistent with the writing. But that obviously is not the sense in which the word is used (*Hicks* v. *Bush,* 10 N Y 2d 488, 491). To be inconsistent the term must contradict or negate a term of the writing. A term or condition which has a lesser effect is provable." (*Hunt Foods & Ind.* v. *Doliner,* 26 A D 2d 41, 43.) Parol evidence is admissible to prove a condition precedent if it does not contradict the express terms of the writing (*People* v. *Kennedy,* 16 A D 2d 306, 308.) (Appeals from orders of Onondaga Special Term granting summary judgment and denying rehearing.) Present — Bastow, P. J., Williams, Goldman, Witmer and Henry, JJ.