METROPOLITAN BANK OF SYRACUSE, Appellant, v JAMES A. BRENNAN et al., Respondents.

Fourth Department, June 6, 1975

*Costello, Cooney & Fearon (Bruce B. Roswig* of counsel), for appellant.

*Alfred J. Moorhead* for James A. Brennan, respondent.

*Irwin Birnbaum (Mary Ann Abend Donnelly* of counsel), for Charles J. Engel and another, respondents.

SIMONS, J. Plaintiff appeals from orders which denied its motion for summary judgment on a promissory note. The individual defendants, respondents on this appeal, signed the note as comakers. Special Term held that they could offer parol evidence to prove that the instrument never became effective because its delivery was conditional and the condition was not satisfied.

In June, 1970 the sellers of Brennan, Engel & O'Connor Insurance Agency sold that business to Phillip G. Kelley Corporation. The buyer assumed liability on the sellers' promissory note to plaintiff bank but it was agreed that the note would be renewed to lower the amount of the installment payments. Accordingly, on June 29, 1970 a renewal note in the amount of $23,775 was executed by the Phillip G. Kelley Corporation, by Phillip G. Kelley, president, and by the individual defendants Brennan, Engel, Sr. and Engel, Jr. Payments commenced July 16, 1970 and continued until default in June, 1971. By order dated July 13, 1973 plaintiff's motion for summary judgment against defendant corporation was granted, judgment was entered in the amount of $20,794.28 and the action against the individual defendants was severed. This motion followed.

Defendants deny the validity of the note and also their liability on it because they claim that the note was delivered to the bank conditionally. Defendants allege that the bank agreed that the note would not be enforceable until it was cosigned not only by these defendants but also by Phillip G. Kelley, individually, and Charles O'Connor, the signatures of all five individuals being a necessary condition precedent before the obligation of each individual as comaker arose. These conversations between Engel, Sr. and a representative of the bank are said to have occurred in July and August, 1970, subsequent to the date of the note.

It is the general rule that evidence of what was said between the parties to a valid written instrument either prior to or at the time of execution may not be received in evidence to vary the terms of the note *(Thomas v Scutt,* 127 NY 133) and, of course, if unconditional delivery of the note by any defendant preceded the agreement, then clearly no subsequent

oral understanding could modify that defendant's obligation (General Obligations Law, § 15-301, subd 1).

This general rule notwithstanding, defendants contend that parol evidence has always been admissible to show that what purports to be a written contract is no contract at all *(Smith v Dotterweich,* 200 NY 299; *People v Kennedy,* 16 AD2d 306; and see *Bersani v General Acc., Fire & Life Assur. Corp.,* 36 NY2d 457), or that delivery of a promissory note was conditional and that the conditions of delivery have not been met *(Grannis v Stevens,* 216 NY 583; *Niblock v Sprague,* 200 NY 390; *Higgins v Ridgway,* 153 NY 130). It should also be noted that there are cases which have permitted parol evidence to prove that there was a condition of delivery requiring the signatures of others before the note became valid as to any individual signer (Ann Parol Evidence —Bill or Note, 105 ALR 1350; *id.* 54 ALR 706; *id.* 20 ALR 440).

Nevertheless, it is a little late in the day for defendants to claim that this note never became effective. It was executed by the corporation and the individual defendants as comakers for good consideration and physically delivered to the bank which accepted it. At least three payments in reduction of the debt were made before it was claimed that conditional delivery was agreed upon by the bank, and payments on the note continued for a year thereafter before the default, followed by a judgment against the corporation. The position defendants urge would leave the bank with a renewed note which substituted the credit of the defaulting corporation alone for what had been defendants' liability on the original note and it would relieve defendants of any further responsibility for the debt.

Manifestly, the note became a binding obligation as between the bank and the corporation. Defendants do not deny that they signed it—what they really suggest is that notwithstanding those facts and conceding the parties' performance on the instrument, they may still vary the terms of their personal obligation by parol evidence. The rule is stated in *Hicks v Bush* (10 NY2d 488, 491): "Parol testimony is admissible to prove a condition precedent to the legal effectiveness of a written agreement (see *Saltzman v Barson,* 239 NY 332, 337; *Grannis v Stevens,* 216 NY 583, 587; *Reynolds v Robinson,* 110 NY 654; see, also, 4 Williston, Contracts [3d ed, 1961], § 634, p 1021; 3 Corbin, Contracts [1960 ed], § 589, p 530 *et seq.),* if the condition does not contradict the express terms of such writ-

ten agreement. (See *Fadex Foreign Trading Corp. v Crown Steel Corp.,* 297 NY 903, affg 272 App Div 273, 274-276; see, also, Restatement, Contracts, § 241.) A certain disparity is inevitable, of course, whenever a written promise is, by oral agreement of the parties, made conditional upon an event not expressed in the writing. Quite obviously, though, the parol evidence rule does not bar proof of every orally established condition precedent, but only of those which in a real sense contradict the terms of the written agreement. (See, e.g., Illustration to Restatement, Contracts, § 241.) Upon the present appeal, our problem is to determine whether there is such a contradiction." (See, also, *Procopis v G.P.P. Rests.,* 43 AD2d 974; *Spina v Ferentino,* 30 AD2d 1035.)

Applying that rule, and confronted with the performance on the instrument, it is apparent that defendants' proposed parol evidence is inconsistent with the writing in three respects and contradicts express terms of the note contrary to its merger provision in at least the second and third instances (see *Meadow Brook Nat. Bank v Bzura,* 20 AD2d 287).

First, the parol evidence makes an unconditional obligation conditional because as comakers of the note defendants are absolutely and unqualifiedly liable according to its terms. There is no claim that the debt is invalid, that the money was not loaned or that the default did not occur. As comakers therefore the note makes defendants unconditionally liable for the debt but the proposed parol evidence would contradict this unconditional liability.

Second, it makes an independent obligation dependent. Defendants agreed to be jointly and severally liable on the note. Their assertion that the enforcement of liability against them depends upon the collective liability of themselves plus O'Connor and Kelley destroys the several nature of obligation undertaken by the comakers (see General Obligations Law, § 15-101).

Third, it makes the primary obligation of defendants secondary, whereas the instrument classifies the liability of each signer of the instrument, whether borrower, comaker or guarantor, as primary.

It is also urged that parol evidence is admissible because the instrument is ambiguous. We do not find in the moving papers evidence of ambiguity which would permit the introduction of parol evidence or warrant a trial.

The orders should be reversed and the motion for summary judgment granted.

CARDAMONE, J. P., MAHONEY, GOLDMAN and DEL VECCHIO, JJ., concur.

Orders unanimously reversed with costs and motion granted.