Chief Judge Breitel
(dissenting). I would affirm the order of the Appellate Division, thus precluding defendants from establishing by oral testimony that they are not bound by their written endorsement and guarantee.
The facts are correctly and fully stated in the majority opinion, as are the applicable rules of law. The disagreement is how the rules of law are to be applied to the facts. The problem of defaulting debtors, endorsers, and guarantors who seek to avoid their written obligations is a recurring one and of vital concern to the banking and commercial communities.
The ultimate principle is a simple one, namely, that an integrated written obligation may not be avoided by the tender of parol, usually oral, evidence which contradicts or varies the written obligation. The great and hoary exception is that a party is always free to establish by parol evidence that the written undertaking by which he is apparently bound, never came into existence because of an agreed precondition that it not take effect unless and until the extraneous precondition has come to pass. The great and hoary exception has its own exception, namely, that it is inapplicable if the preferred parol evidence itself contradicts or varies the terms of the written undertaking sought to be avoided. In short, the precondition must be consistent with the written undertaking.
*499 Illustratively, if one agrees to guarantee a debt unconditionally, it is not an admissible precondition that the guarantee was indeed not unconditional but depended upon some extraneous event or undertaking by another (Meadow Brook Nat. Bank v Bzura, 20 AD2d 287; cf. Royal Nat. Bank of N.Y. v Sonwel Realty Corp., 39 AD2d 529). Sometimes, as in the Meadow Brook case, the inconsistency will be a flat contradiction; other times it will be that the inconsistency would be a variance, as in Metropolitan Bank of Syracuse v Brennan (48 AD2d 254). It is to ignore the principle and the appendant rules to assume that only explicitly contradictory oral preconditions are precluded.
The principle and the appendant rules are parallel and indeed share an analytical genesis with the parol evidence rule, a rule of substantive law and not of evidence (Restatement, Contracts, § 237, comment a). To misunderstand them and therefore to misapply them is to undermine the rules of commercial and banking conduct, and to suffer the devious devices of the untrustworthy who can always conceive a less than flat contradiction to avoid their written obligations.
In the Metropolitan Bank case (supra), a twin to this one, Mr. Justice Simons on behalf of an unanimous Appellate Division, applied with clarity the distinctions, in striking down the alleged oral preconditions to effective delivery of the defendant’s guarantee. Thus he said (48 AD2d 254, at pp 256-257):
"Nevertheless, it is a little late in the day for defendants to claim that this note never became effective. It was executed by the corporation and the individual defendants as comakers for good consideration and physically delivered to the bank which accepted it. At least three payments in reduction of the debt were made before it was claimed that conditional delivery was agreed upon by the bank, and payments on the note continued for a year thereafter before the default, followed by a judgment against the corporation. The position defendants urge would leave the bank with a renewed note which substituted the credit of the defaulting corporation alone for what had been defendants’ liability on the original note and it would relieve defendants of any further responsibility for the debt.
"Manifestly, the note became a binding obligation as between the bank and the corporation. Defendants do not deny that they signed it—what they really suggest is that notwithstanding those facts and conceding the parties’ performance *500 on the instrument, they may still vary the terms of their personal obligation by parol evidence. The rule is stated in Hicks v Bush (10 NY2d 488, 491): 'Parol testimony is admissible to prove a condition precedent to the legal effectiveness of a written agreement (see Saltzman v Barson, 239 NY 332, 337; Grannis v Stevens, 216 NY 583, 587; Reynolds v Robinson, 110 NY 654; see, also, 4 Williston, Contracts [3d ed, 1961], § 634, p 1021; 3 Corbin, Contracts [1960 ed], § 589, p 530 et seq.), if the condition does not contradict the express terms of such written agreement. (See Fadex Foreign Trading Corp. v Crown Steel Corp., 297 NY 903, affg 272 App Div 273, 274-276; see, also, Restatement, Contracts, § 241.) A certain disparity is inevitable, of course, whenever a written promise is, by oral agreement of the parties, made conditional upon an event not expressed in the writing. Quite obviously, though, the parol evidence rule does not bar proof of every orally established condition precedent, but only of those which in a real sense contradict the terms of the written agreement. (See, e.g., Illustration to Restatement, Contracts, § 241.) Upon the present appeal, our problem is to determine whether there is such a contradiction.’ (See, also, Procopis v G.P.P. Rests., 43 AD2d 974; Spina v Ferentino, 30 AD2d 1035.)
"Applying that rule, and confronted with the performance on the instrument, it is apparent that defendants’ proposed parol evidence is inconsistent with the writing in three respects and contradicts express terms of the note contrary to its merger provision in at least the second and third instances (see Meadow Brook Nat. Bank v Bzura, 20 AD2d 287).
"First, the parol evidence makes an unconditional obligation conditional because as comakers of the note defendants are absolutely and unqualifiedly liable according to its terms. There is no claim that the debt is invalid, that the money was not loaned or that the default did not occur. As comakers therefore the note makes defendants unconditionally liable for the debt but the proposed parol evidence would contradict this unconditional liability.
"Second, it makes an independent obligation dependent. Defendants agreed to be jointly and severally liable on the note. Their assertion that the enforcement of liability against them depends upon the collective liability of themselves plus O’Connor and Kelley destroys the several nature of obligation undertaken by the comakers (see General Obligations Law, § 15-101).
*501 "Third, it makes the primary obligation of defendants secondary, whereas the instrument classifies the liability of each signer of the instrument, whether borrower, comaker or guarantor, as primary.”
The principle and appendant rules are universally accepted and applied with the same analysis (see Ann., Parole Evidence —Guaranty, 33 ALR2d 960, 978, 1010-1012, and the cases cited). Never has there been a failure, when the rules are properly analyzed, to preclude varying as well as explicitly contradictory preconditions to effective delivery of the written obligation.
In determining whether the varying condition is precluded it is essential to determine the completeness of the written undertaking (id., and cases cited). This was the teaching of Hicks v Bush (10 NY2d 488, 491) in which, as quoted by Mr. Justice Simons, it was observed that (48 AD2d, at p 257) "A certain disparity is inevitable, of course, whenever a written promise is, by oral agreement of the parties, made conditional upon an event not expressed in the writing. Quite obviously, though, the parol evidence rule does not bar proof of every orally established condition precedent, but only those which in a real sense contradict the terms of the written agreement. (See, e.g., Illustration to Restatement, Contracts, § 241.)” (Cf. Fogelson v Rackfay Constr. Co., 300 NY 334, 338, 340.)
Key to the analysis is not whether the oral precondition is explicitly contradictory of a term of the integrated written obligation, but whether "in a real sense” it contradicts (and thus varies) the terms of the obligation. In the instant case defendant Rochman was the fourth endorser to sign the renewal note. The alleged precondition was the. signing by still a fifth endorser as on the prior note. The endorsement and guarantee clauses to which defendant endorsers appended their signatures read as follows:
"FOR VALUE RECEIVED, the undersigned and each of the undersigned in addition to the obligations imposed by endorsement and waiving of notice of every character and nature, hereby become a party to, adopt, agree to, accept, guarantee and assume all the terms, conditions and waivers contained in the note on the reverse side hereof, and guarantee the payment of said note when due and consent without notice of any kind to any and all extensions of time made by the holder of said note.
*502 "Nothing except cash payment to the Trust Company and/ or the holder of said note shall release the undersigned or any of the undersigned.” .
It is not necessary to emphasize how "contradictory” defendants’ present contentions and preferred oral evidence are to the terms of the endorsement and guarantee, especially the second paragraph, set forth above.
The quoted undertaking by the endorsers-guarantors states in words as broad as language permits that each of the signers, jointly and severally, namely, "the undersigned and each of the undersigned”, "adopt, agree to, accept, guarantee and assume all the terms, conditions and waivers contained in the note on the reverse side”. This is language as strong if not stronger than that which would bind an accommodation comaker. * [1]
The issue is a substantial one, not confined in consequences to those concerned only with nice legal distinctions. At its root is the way commercial men do business and the conditions of speedy transactions the integrity of which are crucial to the extension of credit. The exceptions to the parol evidence rule are not intended to be the haven of either the devious or the negligent, when others justifiably rely on their written engagements.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Judges Gabrielli, Wachtler and Cooke concur with Judge Jasen; Chief Judge Breitel dissents and votes to affirm in a separate opinion in which Judges Jones and Fuchsberg concur.
Order reversed, with costs, and motion for summary judgment denied.