■ RONALD POMERANCE et al., Respondents-Appellants, v NANUET NATIONAL BANK et al., Appellants-Respondents.—In an action, *inter alia,* to recover damages for the negligent handling of a loan application and for the rescission or reformation of a loan agreement, in which defendants counterclaimed, *inter alia,* to recover on a certain promissory note executed by plaintiff Barbara Pomerance, the parties cross-appeal from an order of the Supreme Court, Rockland County, entered June 4, 1976, which, *inter alia,* (1) denied defendants' motion for summary judgment, (2) denied plaintiffs' motion for partial summary judgment and (3) granted, in part, defendants' motion for a protective order with respect to certain interrogatories. Order modified, on the law, by (1) deleting the first decretal paragraph thereof and substituting therefor provisions granting the branches of defendants' motion which seek summary judgment as to the first two counterclaims asserted in the answer and as to the causes of action asserted in the complaint, and denying the branch of the said motion which seeks summary judgment as to the third counterclaim asserted in the answer, (2) deleting the third, fourth and fifth decretal paragraphs thereof and substituting therefor provisions denying as academic the defendants' motion for a protective order and (3) adding thereto provisions that plaintiffs are entitled to recover the amount of any surplus resulting from the sale of certain collateral held by the defendant bank, after appropriate deduction for the unpaid balance of the

note, interest and attorneys' fees. As so modified, order affirmed, with $50 costs and disbursements payable by plaintiffs, and action remanded to Special Term for a determination of defendants' reasonable attorneys' fees and the amount of the surplus, if any, resulting from the sale of the collateral held by the defendant bank. In our view, there are no triable issues of fact. The record clearly entitles the defendant bank to judgment on the note given by plaintiff Barbara Pomerance. Any oral agreement or impression by her to the contrary is inadmissible to vary the terms of the note, which is clear and unambiguous on its face (see *Metropolitan Bank of Syracuse v Brennan,* 48 AD2d 254). In any event, she fails to state exactly what the defendant bank or its officers did or said to give her the impression that she would not be responsible on the note. Similarly, the bank is entitled to summary judgment on the causes of action asserted in the complaint. Upon the presentment of sufficient collateral, clear on its face, by plaintiff Barbara Pomerance, who sought out the bank for the loan, the bank, on these facts, was not negligent in failing to make additional inquiry (see *Isham v Post,* 141 NY 100). No showing of any misrepresentation by the bank or its officers was presented in such a way as to raise an issue of fact. The action has been remanded for an exact determination of the amount due on the note, with interest and attorneys' fees; the surplus, if any, after the sale of the collateral is to be paid to plaintiffs. Special Term should, of course, consider the reasonableness of the attorneys' fees provided for in the loan agreement (see *Equitable Lbr. Corp. v IPA Land Development Corp.,* 38 NY2d 516; *Long Is. Trust Co. v Jones,* 56 AD2d 838). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.