■ WURLITZER COMPANY, Respondent, v PLAYTIME DISTRIBUTORS, INC., et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered December 14, 1976 in Albany County, which granted summary judgment to plaintiff, and from the judgment entered thereon. This is an action on a promissory note made by defendant Playtime Distributors, Inc., and personally guaranteed by defendant David A. Nicholson, a vice-president of Playtime. Pursuant to the note, which was dated April 1, 1975, Playtime promised to pay to the order of plaintiff the sum of $21,523.17, together with interest thereon at the rate of 12% per annum, in monthly installments commencing April 15, 1975. According to the complaint, however, no payments have been made by defendants on the note beginning with the installment due on October 15, 1975, and this action has resulted. Although Playtime has defaulted in answering the complaint and made no appearance in this action, defendant Nicholson denies in his answer that he unconditionally guaranteed payment of the note. He further maintains that his guarantee was subject to a condition precedent, *to wit:* that plaintiff orally agreed to obtain a third party as a coguarantor on the note with him. Since plaintiff failed to obtain the guarantee of a third party, defendant concludes that his guarantee never became effective and that he is not liable to plaintiff on the note. Ultimately, plaintiff decided to move for summary judgment and its motion came on to be heard at Special Term. Holding that parol evidence of the alleged condition precedent was inadmissible to defeat the written instrument herein, that court granted plaintiff summary judgment on the note for the sum of $20,755.78 with interest and costs. This appeal ensued. The sole question presented for our review is whether or not Special Term was correct in ruling that parol evidence was inadmissible to establish the alleged condition precedent, and we find that its decision must be affirmed. The guarantee Nicholson personally executed and gave to plaintiff was clear, complete and unambiguous on its face and, most significantly, it was also unconditional (see *Long Is. Trust Co. v International Inst. for Packaging Educ.,* 38 NY2d 493). In pertinent part it provided that Nicholson would "unconditionally guarantee * * * that all sums payable on said note shall be promptly paid in full". Plainly, Nicholson cannot now be permitted to attempt to prove by parol evidence the alleged condition precedent, which would contradict the express terms of the guarantee by conditioning the effectiveness thereof upon the obtaining by plaintiff of an additional guarantor"(see, also, *Meadow Brook Nat. Bank v Bzura,* 20 AD2d 287). Under these circumstances, the grant of summary judgment was entirely proper. Order and judgment affirmed, with costs. Koreman, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.